STATE of Iowa, Plaintiff–Appellee,

v.

Clayton VESEY, Jr., Defendant–Appellant.

No. 90–1827.

Court of Appeals of Iowa.

Dec. 31, 1991.

F. Montgomery Brown of Cook, Gotsdiner, McEnroe & McCarthy, Des Moines, for appellant.

Bonnie J. Campbell, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., John P. Sarcone, County Atty., and Jamie Bowers, Asst. County Atty., for appellee.

Heard by DONIELSON, P.J., and HAYDEN and SACKETT, JJ., but decided en banc.

SACKETT, Judge.

Defendant-appellant Clayton Vesey was convicted following a jury trial of possession of heroin with the intent to deliver. He was sentenced as an habitual offender. He appeals contending (1) his trial counsel was ineffective in failing to object to opinion testimony, (2) the trial court failed to assure he understood the consequences of his stipulation agreeing he had two prior convictions and his attorney was ineffective in advising him on the effect of the stipulation, and (3) the trial court erred in denying his post trial and pretrial pro se motions. We affirm.

Defendant was arrested following a search of a residence. Defendant showed the residence as his address on his checks. Defendant did not own or lease the premises but spent considerable time there.

When searching the residence a police officer went in a bedroom. The defendant who had been on a bed rolled off and crawled underneath the bed. He ultimately came out. The bedroom was searched. Under the pillow where the defendant had been resting, twenty-four foil-wrapped packages containing heroin were found. The packages have been referred to as "buttons" of heroin. The officers also found over $2000 in cash and a digital scale capable of weighing as little as a thousandth of a gram.

At trial the State sought to prove the defendant's intent to deliver through the opinion testimony of police officers, who had specialized training and extensive experience in drug enforcement. The defendant's trial attorney did not object to any of the testimony. The defendant contends the testimony was not admissible because it went to the issue of his guilt on an essential element of the crime. The State argues the testimony was admissible because it was of the usual modus operandi.

The officer testified certain items taken from the house were consistent with drug trafficking and were not consistent with personal use of heroin. In summing up the officer was asked the following questions:

Q. Sergeant Elrod, based on all the evidence that you were able to observe was seized, * * *, do you have an opinion as to whether or not the evidence itself and the surrounding circumstances were consistent with drug trafficking?

A. Yes, sir, I do have an opinion.

Q. And I wanted to phrase that drug trafficking specifically regarding black tar heroin?

A. Yes, sir.

Q. What is that opinion?

A. That opinion is there was heroin being dealt from this residence.

Q. It is consistent with the evidence you found there?

A. Yes, sir, it is.

A properly qualified witness may testify to the customs and practices of those who use or deal in narcotics. *See State v. Ogg*, 243 N.W.2d 620, 621 (Iowa 1976); *State v. Boyd*, 224 N.W.2d 609, 613 (Iowa 1974). But it is improper to permit a witness to express an opinion as to a defendant's guilt on an essential element of a crime. *See Ogg*, 243 N.W.2d at 621; *State v. Droste*, 232 N.W.2d 483, 488 (Iowa 1975). A witness is not permitted to express an opinion as to the ultimate fact of the accused's guilt or innocence. *State v. Myers*, 382 N.W.2d 91, 97 (Iowa 1986); *State v. Oppedal*, 232 N.W.2d 517, 524 (Iowa 1975). *See also Grismore v. Consol. Prod. Co.*, 232 Iowa 328, 361, 5 N.W.2d 646, 663 (Iowa 1942).

A witness can be asked for an opinion based upon certain evidence as it relates to a well-defined modus operandi but can not be asked for an opinion on the guilt or innocence of the defendant. *See State v. Olsen*, 315 N.W.2d 1, 7 (Iowa 1982); *State v. Johnson*, 224 N.W.2d 617, 622–23 (Iowa 1974). The line of distinction is fine but essential. *Johnson*, 224 N.W.2d at 622. The witness can be asked if defendant's actions fit within the modus operandi, so long as the witness is not asked whether the defendant is innocent or guilty. *See Olsen*, 315 N.W.2d at 7.

■ We agree with the defendant the testimony of the officer that heroin was being dealt from the residence was an opinion as to the ultimate fact of an element of the crime with which defendant was charged. It therefore was an opinion as to defendant's guilt or innocence. If a proper objection had been made, the opinion evidence should not have been admitted. The objection was not made. In order to prevail on this issue the defendant must show that his trial counsel was ineffective in failing to object to the evidence. Defendant must prove by a preponderance of the evidence that prejudice resulted from his trial counsel's failure to object. *See State v. Kraus*, 397 N.W.2d 671, 673 (Iowa 1986); *State v. Munz*, 355 N.W.2d 576, 584 (Iowa 1984); *Snethen v. State*, 308 N.W.2d 11, 14 (Iowa 1981). Imprudent trial strategy, miscalculated tactics or mistakes in judgment do not necessarily amount to ineffective counsel. *See Hinkle v. State*, 290 N.W.2d 28, 34 (Iowa 1980). The concern is with the fundamental fairness of this proceeding. *See State v. Risdal*, 404 N.W.2d 130, 131 (Iowa 1987).

■ The defendant has not demonstrated a reasonable probability that if the evidence had been excluded he would have been acquitted. There was evidence the defendant resided in the home where the heroin was found. A large quantity of it was found under the pillow where the defendant was resting. The opinion was part of a long line of appropriate opinion testimony that established the items found in the house were part of a pattern or modus operandi of the offense. Cash in the amount of $2225 was found in the defendant's billfold under the bed. A glass vial used in drug trafficking was found in pants identified as the defendant's.

The evidence against the defendant is such that it is not reasonably probable he would have been acquitted in the absence of the challenged evidence. Defendant is unable to show that he was prejudiced by his attorney's failure to object to the evidence. We affirm on this issue.

The defendant stipulated he had committed two previous felonies. He contends the trial court's colloquy about the stipulation was not adequate and his trial counsel was ineffective in the advice given on the matter.

The defendant contends his admission to two prior felonies was not intelligent and voluntary. He claims the trial court did not inform him he had a right to a bifurcated hearing on his identity, did not inquire whether he was represented by counsel in the two prior proceedings, and did not inform him of the consequences of his stipulation. He claims his trial counsel was ineffective in failing to advise him of the consequences of his admissions, in failing to make an adequate record, and in failing to file a motion in arrest of judgment or to correct the sentence.

■ The defendant's admission to the two prior convictions is somewhat analogous to a guilty plea, and it is appropriate to follow the guilty plea rules. *See State v. Brady*, 442 N.W.2d 57, 58 (Iowa 1989); *State v. Bumpus*, 459 N.W.2d 619, 626 (Iowa 1990).

■ The defendant admitted to what the State was ready and able to prove. The minutes of testimony show the State could prove the underlying habitual offender allegations. The Notice of Introduction of Witnesses includes the Scott County Clerk of Court, the defendant's parole officer, and the Polk County Clerk of Court. They were to testify to the defendant's prior felony convictions, his identity, and his prior representation by counsel. Defendant's stipulation was that if called, these witnesses would testify the defendant was the same Clayton Vesey who was convicted of these other crimes. The State had the ability to prove all the facts necessary to show the defendant's habitual offender status. The defendant has not demonstrated he was prejudiced by the absence of a guilty plea colloquy. *See Bumpus*, 459 N.W.2d at 626. The defendant also can not prove his trial counsel rendered ineffective assistance in failing to advise him of the consequences of his admissions. *See Risdal*, 404 N.W.2d at 131. It is the defendant's burden to prove his trial counsel did not advise him of the penal consequences of his act.

The defendant has not made the necessary showing.

We have considered the defendant's other challenges and find them to be without merit.

AFFIRMED.

All Judges concur except HABHAB, J., and DONIELSON, P.J., who specially concur.

HABHAB, Judge (specially concurring).

I concur in the result only. I disagree with the majority's findings that it was improper to permit expert testimony regarding common practices of drug traffickers in Des Moines. I believe such evidence is admissible to determine whether defendant's actions fit within the modus operandi. The expert witnesses (police officers) were not asked whether the defendant was guilty or innocent.

I agree that it is improper for an expert to testify that a quantity of drugs was possessed by a criminal defendant "with intent to deliver." *State v. Oppedal*, 232 N.W.2d 517, 524 (Iowa 1975). Such testimony is deemed "tantamount to permitting the witness to testify he had an opinion as to the ultimate fact of defendant's guilt or innocence." *Id.*

But it is permissible for a witness to testify as to the pattern or modus operandi of a certain offense and compare the facts of the case to it. *State v. Olsen*, 315 N.W.2d 1, 6–7 (Iowa 1982).

> The distinction is that, on the one hand, the witness is asked for an opinion based upon certain evidence as it relates to a well-defined modus operandi and on the other, an opinion on the guilt or innocence of the defendant. The former is proper; the latter is not.
*Id.* at 7.

There is not much question that it is proper to establish the modus operandi of a drug trafficker or drug user by expert testimony. It is also permissible to elicit expert testimony as to the "next step" of whether defendant's actions fit within the modus operandi. *State v. Burrell*, 255 N.W.2d 119, 123 (Iowa 1977).

In *Burrell*, the defendant objected to the specific question regarding the profit to be made from dealing in heroin. The following questions and answers appear in that case:

> Q. What do you mean by bag? Q. Little plastic bags and they usually contain 25 sometimes 15 $25 bags to sell.
> Q. Is there any profit that can be made in this?
> MR. PARRISH: Objection. Invades the province of the jury. Prejudicial. It calls for the opinion and conclusion of the witness, no proper foundation.
*Id.*

The court overruled the objection. The defendant contends this question and its answer conveyed the witness's opinion as to the guilt or innocence of the defendant on the accommodation element. The supreme court stated:

> The question asked does not address the particulars of the case, but rather seeks to define a *modus operandi*. This court has approved the question which goes one step further, that is, did defendant's actions fit within the *modus operandi*, so long as the witness is not asked whether the defendant is innocent or guilty. *State v. Johnson*, 224 N.W.2d 617, 622 (Iowa 1974). The question in this case fits the category of opinion testimony, and as such was properly admitted.
*Id.*

Our supreme court in *State v. Olsen*, 315 N.W.2d 1, 7 (Iowa 1982), stated:

> We have held that, while a witness may not testify whether marijuana is held for personal use, *State v. Oppedal*, 232 N.W.2d 517, 524 (Iowa 1975), he may testify on the pattern or *modus operandi* of a certain offense and compare the facts of the case to it, *State v. Burrell*, 255 N.W.2d 119, 123 (Iowa 1977); *State v. Johnson*, 224 N.W.2d 617, 622 (Iowa 1974). The distinction is that, on the one hand, the witness is asked for an opinion based upon certain evidence as it relates to a well-defined *modus operandi* and on the other, an opinion on the guilt or

innocence of the defendant. The former is proper; the latter is not. *State v. Johnson,* 224 N.W.2d at 622–23. We have said this line of distinction, while fine, is nevertheless essential. *Id.* at 622; *State v. Horton,* 231 N.W.2d 36, 38 (Iowa 1975). Thus, we held in *State v. Burrell,* 255 N.W.2d at 123, that an opinion on "whether or not profit can be made from this type of operation" was proper:

"The question asked does not address the particulars of the case, but rather seeks to define a *modus operandi.* This court has approved the question which goes one step further, that is, did defendant's actions fit within the *modus operandi,* so long as the witness is not asked whether the defendant is innocent or guilty."

The opinions tendered here, that a profit may have been realized under the facts, and that the acts were consistent with an operation for profit, were properly admitted as comparisons to the typical *modus operandi* and not as opinions on guilt or innocence.

This is exactly the kind of evidence of which the defendant now complains. Both officers testified to their qualifications as experts in this field, a fact which is now unchallenged by defendant. Each then testified, based on his specialized training and experience in arresting hundreds of people on like charges and executing numerous searches for such items, that the evidence found at defendant's home was consistent with drug dealing.

Iowa law allows an expert to testify as to what the usual modus operandi of an offender is and whether the facts of the particular case fit the modus operandi. That is precisely what occurred in defendant's case. I would not find the testimony complained of to be objectionable.

DONIELSON, P.J., joins this special concurrence.