STATE of Iowa, Appellee,

v.

Henry Earl DINKINS, Appellant.

No. 95–209.

Court of Appeals of Iowa.

June 27, 1996.

Judith J. Morrell, Davenport, for appellant.

Thomas J. Miller, Attorney General, Thomas S. Tauber, Assistant Attorney General, William E. Davis, County Attorney, and Hugh J. Pries, Assistant County Attorney, for appellee.

Considered by HABHAB, P.J., and CADY and STREIT, JJ.

CADY, Judge.

Henry Dinkins appeals the judgment and sentence for his conviction of possession with intent to deliver a controlled substance. We affirm Dinkins' conviction.

On September 16, 1994, Davenport police conducted a surveillance of a gas station for reported drug transactions. During the course of the surveillance, an officer observed a car being driven by Dinkins park at the station. Dinkins exited and removed the car's T-tops while his passenger, Mr. Holt, went into the station. The officer observed Holt return to the car with another man. After the three men engaged in a short conversation, Dinkins removed a plastic bag from the car's ashtray or dashboard. The officer next saw Dinkins reach in the bag, pinch an object from it and give the object to the man who had accompanied Holt. The man then handed something to Dinkins. The officer continued observing Dinkins and Holt. Soon he observed another man approach the car. Again he saw Dinkins retrieve the plastic bag, pinch an object out, and hand the object to the man. The man then gave Dinkins an unidentifiable object.

Dinkins and Holt were stopped by another police officer after they left the gas station. The officer found a plastic baggie and a wallet containing sixty-eight dollars under the passenger seat. Inside the baggie were seven individually wrapped rocks of crack cocaine, weighing two grams. Dinkins was charged with possession with intent to deliver a schedule II controlled substance.

At trial the observing officer stated he could not see what was exchanged during the two transactions. He further stated the two alleged buyers were not picked up or searched by the police.

Officer Collins, a narcotics officer, was asked by the prosecutor if the seven rocks of crack cocaine found in the plastic baggie were "consistent with someone using or dealing?" He answered "dealing" and explained, "[t]he people that we catch that are addicted, they get caught with one rock, certainly no more than three. You have seven rocks, it indicates a dealer." The State also asked Collins:

Q: And, Officer, if testimony indicated that only two items of evidentiary nature were taken from that car, State's Exhibit 1 and the money that was found, State's Exhibit 2, no smoking devices, nothing else to indicate that the crack was being used, would that indicate anything to you?

A: That they are dealing. A crack addict won't be caught without his pipe.

Dinkins' counsel also asked Collins, "how long would it take a [real addict] to use what's in State's Exhibit 1 there?" Collins replied, "Well, that's the problem with this quantity. A true addict couldn't have this. It would be like an alcoholic. If he had a bottle of whiskey it would be gone as soon as you can drink it."

The jury found Dinkins guilty as charged. He was sentenced to serve a term not to exceed ten years.

Dinkins appeals. He argues the evidence was insufficient for the jury to find him guilty of possession with intent to deliver. Dinkins further argues his trial counsel was ineffective for failing to object to Collins' testimony. Dinkins maintains Collins expressed an opinion of his guilt on one of the essential elements of the crime, intent to deliver.

## I. Opinion Testimony

 To prevail on a claim of ineffective assistance of counsel, a defendant must prove counsel failed to perform an essential duty and the failure prejudiced the defendant. *State v. Ray*, 516 N.W.2d 863, 865 (Iowa 1994). We ordinarily preserve ineffective assistance claims made on direct appeal to permit a full development of the record in a postconviction proceeding. *State v. Bumpus*, 459 N.W.2d 619, 627 (Iowa 1990). However, if the claim is based on the failure to object to the admission of certain evidence, we can ordinarily adjudicate the claim on direct appeal if the evidence was admissible. See *id.*

 Expert testimony consisting of scientific, technical or other specialized knowledge is admissible at trial when it is helpful for the trier of fact to understand the evidence in the case or to determine a fact in issue, as long as its probative value is not substantially outweighed by the danger of unfair prejudice. *State v. Buller*, 517 N.W.2d 711, 713 (Iowa 1994); Iowa R. Evid. 403, 702. Such opinions may generally be expressed even though they embrace "an ultimate issue to be decided by the trier of fact." Iowa R. Evid. 704. These basic precepts, however, do not permit a witness to express a direct opinion on the guilt or innocence of the defendant. *State v. Smith*, 522 N.W.2d 591, 593 (Iowa 1994); *Grismore v. Consolidated Products Co.*, 232 Iowa 328, 361, 5 N.W.2d 646, 663 (1942). Determining guilt or innocence is the exclusive function of the finder of fact; and consequently, is an improper subject of expert testimony. *See State v. Oppedal*, 232 N.W.2d 517, 524 (Iowa 1975).

A fine line often exists between opinions which improperly express guilt or innocence in cases involving specific intent crimes and those which properly compare or characterize the defendant's conduct based on the facts of the case so as to assist the jury in understanding the evidence or to determine a fact in issue. *State v. Olsen*, 315 N.W.2d 1, 7 (Iowa 1982). This fine line is especially apparent in cases where the fighting issue is whether the accused possessed drugs with the intent to sell. *Id.* This is because the quality and quantity of drugs, the manner of packaging, the manner of secretion, the presence of drug paraphernalia, and many other circumstances may reflect whether drugs are possessed for personal use or for distribution. *See State v. Odom*, 116 N.J. 65, 560 A.2d 1198, 1202–04 (1989). However, the average juror is normally unaware of the significance of these circumstances, and may not appreciate how they would signify an intent to possess for personal use or for distribution. *Id.* Thus, the prosecutor frequently calls an expert to provide testimony to help the jury in understanding evidence of drug packaging, drug properties, and the like, and determining the element of intent.

Our prior cases have both approved and disapproved of expert testimony bearing on the issue of possessing drugs for personal use or for distribution. In *Oppedal*, the Iowa supreme court determined it was improper to permit a witness to give an opinion that "a quantity of drugs was possessed by the defendant with intent to deliver." *Oppedal*, 232 N.W.2d at 524. The court reasoned such an opinion was tantamount to an opinion as to the ultimate fact of defendant's guilt or innocence. *Id.* Similarly, in *State v. Ogg* the court concluded it was improper for a police officer to express his opinion that the quantity of drugs "defendant possessed" would be more than would be considered for personal use. *State v. Ogg*, 243 N.W.2d 620, 621 (Iowa 1976). In *State v. Nimmo*, the court again rejected opinion testimony regarding the intent with which the "defendant possessed" quantities of drugs. *State v. Nimmo*, 247 N.W.2d 228, 230 (Iowa 1976). *See also State v. Vesey*, 482 N.W.2d 165, 167 (Iowa App. 1991) (improper to express opinion that drugs were distributed from defendant's residence).

On the other hand, an expert witness is permitted to express an opinion as to whether the facts of the case fit the profile of "a person who sells drugs." *State v. Olsen,* 315 N.W.2d 1, 7 (Iowa 1982). This type of opinion differs from the opinions expressed in *Oppedal, Ogg, Nimmo,* and *Vesey* because it does not specifically relate to the defendant. Instead, it is an opinion that the evidence in the case is consistent with selling drugs, and is properly admitted as a comparison for the jury, not an opinion of guilt. *Id.*

In this case, the testimony of Officer Collins did not constitute an opinion of guilt of the defendant or that the defendant possessed drugs with the intent to sell. Neither the questions asked of Collins or the answers given to those questions related specifically to Dinkins. They also did not imply the violation of a statute by the use of statutory language, or include so much evidence that it necessarily referred to the defendant. Instead, the questions were based only on the evidence bearing on the activities of drug dealers. Similarly, the answers given were based on the witness' experience and special knowledge. The opinions expressed nothing more than certain conduct and circumstances of the case were similar to conduct engaged in by typical drug dealers. *See United States v. Young,* 745 F.2d 733, 760–61 (2d Cir.1984). This type of opinion testimony was not objectionable.

We emphasize the manner in which the expert's opinion is expressed will often determine where the fine line between proper and improper opinion testimony will be drawn. The State may not ask whether an expert has an opinion or believes the defendant is guilty of the crime, or possessed drugs for sale as opposed to personal use. *State v. Oppedal,* 232 N.W.2d at 524. The State may properly ask a qualified expert, however, whether the particular facts of the case, stemming from the expert's field of expertise, would be characterized as drug dealing or drug consumption. *See State v. Odom,* 560 A.2d at 1207.

We conclude the opinion testimony of Officer Collins was admissible. Accordingly, we reject Dinkins' claim of ineffective assistance of counsel.

## II. Sufficiency of Evidence

We review claims of insufficient evidence for errors at law. Iowa R.App. P. 4. A verdict of guilty is binding an appeal unless there is no substantial evidence in the record to support it, or it is clearly against the weight of the evidence. *State v. Schrier,* 300 N.W.2d 305, 306 (Iowa 1981). Substantial evidence means evidence that could convince a rational trier of fact the defendant is guilty beyond a reasonable doubt. *Id.* In determining the sufficiency of evidence, we view the record in a light most favorable to the State. *State v. Robinson,* 288 N.W.2d 337, 340 (Iowa 1980). All evidence is considered, not simply the evidence supporting the verdict. *Id.*

The thrust of Dinkens' claim is there was insufficient evidence of his intent to deliver a controlled substance. He argues he possessed only a small amount of cocaine and cash when arrested, and did not possess any packaging materials. He also notes the surveillance team did not actually observe the transfer of drugs, nor stop the alleged buyers to verify the sale of drugs.

We find substantial evidence to support the conviction. Dinkins was observed in a known drug trafficking area engaging in conduct similar to a drug transaction. He was seen transferring small objects to individuals who had approached Dinkins. Upon arrest, Dinkins also possessed seven individually wrapped rocks of crack cocaine and sixty-eight dollars in cash. Additionally, the testimony of Officer Collins illustrates Dinkins' actions conformed to actions of typical drug dealers.

For the reasons expressed, we affirm the conviction.

**AFFIRMED.**