**STATE of Iowa, Appellee,**

v.

**Farley Trent SHUMPERT, Appellant.**

**No. 95–61.**

Supreme Court of Iowa.

Sept. 18, 1996.

**252**

David C. Thomas, Chicago, IL, and Paul R. Huscher, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, Lawrence H. Schultz, County Attorney, and Bruce A. Ingham, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and LARSON, LAVORATO, NEUMAN, and TERNUS, JJ.

LARSON, Justice.

Farley Shumpert was convicted of possession of cocaine with intent to deliver, Iowa Code § 124.401(1)(c)(2)(b) (1993), and possession of cocaine without payment of the tax, Iowa Code §§ 453B.3 and 453B.12 (1993). On appeal he contends that (1) imposition of the taxes and penalties under chapter 453B violates the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, (2) his payment of the tax under a distress warrant bars a subsequent criminal prosecution under the double jeopardy provision of the Fifth Amendment, (3) sufficient evidence did not support the conviction, and (4) he received ineffective assistance of counsel. We affirm.

## I. The Facts.

In 1994 Shumpert was admitted to the emergency room of a Clinton hospital to be treated for a gunshot wound. In the process of treating Shumpert, medical personnel found bags of cocaine that had apparently been hidden in his clothing. Shumpert was charged with possession and failure to pay the tax.

Before Shumpert's trial on these charges, the Iowa Department of Revenue and Finance assessed a tax on possession of the drugs, together with penalty, interest, and fees pursuant to Iowa Code chapter 453B. The total assessment was $1623.20, based on the quantity of drugs in his possession.

Shumpert paid the tax. He later pleaded former jeopardy in the criminal case on the basis that his payment of the tax under a distress warrant constituted a prosecution. The trial court rejected that argument, and the criminal case went to trial.

## II. The Issues.

**A.** *The excessive-fines argument.* Shumpert contends that the tax and penalty levied on him under chapter 453B violated the Excessive Fines Clause of the Eighth Amendment. The tax imposed was $800. A late-payment penalty of another $800, interest of $11.20, and a lien recording fee of $12.00 were also assessed against him.

We do not address this argument because Shumpert failed to raise it in the trial court. He argues that this failure should be excused because we review constitutional issues de novo. However, that does not obviate the need for raising the issue in the trial court. *See State v. Wages,* 483 N.W.2d 325, 326 (Iowa 1992).

**B.** *The double-jeopardy argument.* Shumpert contends that the double-jeopardy protections of the Fifth Amendment bar his prosecution for possession with intent to deliver following his payment of the tax and penalty for failure to affix a drug tax stamp.

The Double Jeopardy Clause provides that no person shall "be subject to the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. It protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction,

and (3) multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–65 (1969); *Dressler v. Iowa Dep't of Transp.*, 542 N.W.2d 563, 565 (Iowa 1996); *State v. McFarlin*, 542 N.W.2d 559, 560 (Iowa 1996).

■ Shumpert's double-jeopardy argument raises two questions: whether the tax assessment was a "prosecution," and if so, whether it was for the "same offense." We address only the first question because we conclude that the tax assessment was not a prosecution for double-jeopardy purposes.

The word "prosecution" usually denotes a criminal proceeding. *United States v. Reisinger*, 128 U.S. 398, 402, 9 S.Ct. 99, 101, 32 L.Ed. 480, 481 (1888); *see also* Black's Law Dictionary 1099 (5th ed. 1979) (defining "prosecution" as "a criminal action"). However, in recent years, the Supreme Court has moved away from relying on "criminal" and "civil" labels in double-jeopardy inquiries. *See, e.g., Montana Dep't of Revenue v. Kurth Ranch*, 511 U.S. 767, ——, 114 S.Ct. 1937, 1945, 128 L.Ed.2d 767, 777 (1994); *United States v. Halper*, 490 U.S. 435, 447, 109 S.Ct. 1892, 1901, 104 L.Ed.2d 487, 501 (1989). Now the determination of whether the drug tax assessment is a "prosecution" and thus subject to double-jeopardy protections depends on whether the tax imposed is punitive in nature. *Kurth Ranch*, 511 U.S. at ——, 114 S.Ct. at 1946, 128 L.Ed.2d at 779 ("[A] tax is not immune from double jeopardy scrutiny simply because it is a tax.... [A]t some point, an exaction labeled as a tax approaches punishment....").

In *Kurth Ranch*, the Supreme Court held that the collection of a Montana drug tax was punitive in nature and held that a subsequent prosecution was barred by the Double Jeopardy Clause. However, there are significant differences between the taxes in *Kurth Ranch* and the Iowa tax in the present case. We noted those distinctions in *State v. Lange*, 531 N.W.2d 108 (Iowa 1995). First, the Iowa tax is not conditioned on the commission of a crime as it was in *Kurth Ranch*. In addition, the Iowa tax is levied on possession of the drugs. In contrast, the Montana tax was imposed after the drugs had been destroyed, so the tax could not be fairly characterized as one based on ownership or possession. *Kurth Ranch*, 511 U.S. at ——, 114 S.Ct. at 1948, 128 L.Ed.2d at 781; *see Lange*, 531 N.W.2d at 110.

In its most recent double-jeopardy case, the Supreme Court considered whether civil in rem forfeitures constitute punishment for double-jeopardy purposes. It concluded that they did not. *United States v. Ursery*, 518 U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). Forfeiture cases, as in *Ursery*, must be distinguished from those involving drug taxes. However, the Supreme Court in *Ursery* discussed *Kurth Ranch* and the unique nature of the tax in that case. The Court again distinguished the Montana tax from those such as Iowa's that, under the *Kurth* test, could not be characterized as the "functional equivalent" of a successive prosecution. *Ursery*, 518 U.S. at ——, 116 S.Ct. at 2144, 135 L.Ed.2d at 564.

Shumpert distinguishes his case from *Lange* on the basis that in this case the State collected the tax through the use of a distress warrant. He apparently contends that this makes the tax punitive. We disagree; the use of a distress warrant is simply a manner used for the collection of the tax and penalties. *See* Iowa Code § 453B.11. We reject Shumpert's double-jeopardy argument.

■ C. *Sufficiency of the evidence.* In reviewing the sufficiency of the evidence, we consider the entire record and determine whether the verdict is supported by substantial evidence. *State v. Robinson*, 288 N.W.2d 337, 338 (Iowa 1980). "Substantial evidence" is "such evidence as would convince a rational trier of fact that defendant is guilty beyond a reasonable doubt." *Id.* at 339. In making that determination, we view the evidence in the light most favorable to the verdict and accept as established all reasonable inferences that support it. *State v. Gay*, 526 N.W.2d 294, 295 (Iowa 1995); *State v. Geier*, 484 N.W.2d 167, 170 (Iowa 1992).

■ Shumpert contends that the State failed to provide sufficient evidence that he possessed the cocaine with an intent to deliver and that the only evidence supporting such intent was the fact that he possessed

twelve individually packaged rocks of cocaine. However, the rocks were individually packaged in knot-tied plastic bags, a manner consistent with drug dealing. There was also evidence that concealment of drugs in a person's clothing, as in this case, is consistent with drug dealing. Shumpert testified that he did not use drugs, and no cocaine was found in his system so as to indicate drug usage, further supporting the finding of possession with intent to deliver, as opposed to possession for personal use. We conclude that the conviction is supported by substantial evidence.

D. *The ineffective-assistance argument.* Under a claim of ineffective assistance of counsel, a defendant must prove by a preponderance of the evidence that (1) counsel failed to perform an essential duty, and (2) prejudice resulted therefrom. *State v. Hepperle,* 530 N.W.2d 735, 739 (Iowa 1995); *State v. Risdal,* 404 N.W.2d 130, 131–32 (Iowa 1987).

In order to meet the first test, Shumpert must overcome the "strong presumption" that his attorney's actions were reasonable under the circumstances and fell within the normal range of competency. *State v. Hildebrant,* 405 N.W.2d 839, 841 (Iowa 1987). To succeed on the second test he must show that, but for counsel's error, the result of the proceeding would have been different. *State v. Buck,* 510 N.W.2d 850, 853 (Iowa 1994).

Shumpert argues that his trial counsel breached his duty by failing to object to the admission of the expert's opinion regarding the packaging of the drugs. An expert witness may testify to the customs and practices of those who use or deal in narcotics. *State v. Ogg,* 243 N.W.2d 620, 621 (Iowa 1976); *State v. Boyd,* 224 N.W.2d 609, 613 (Iowa 1974); *State v. Vesey,* 482 N.W.2d 165, 167 (Iowa App.1991). The expert may also testify as to whether the defendant's actions were consistent with the modus operandi of the offense. *Vesey,* 482 N.W.2d at 167. However, the expert may not offer an opinion as to the defendant's guilt or innocence. *Id.* This standard embodies a "fine but essential" distinction. *State v. Johnson,*

224 N.W.2d 617, 622 (Iowa 1974); *Vesey,* 482 N.W.2d at 167. Specifically, "[t]he witness can be asked if defendant's actions fit within the modus operandi, so long as the witness is not asked whether the defendant is innocent or guilty." *Vesey,* 482 N.W.2d at 167.

During direct examination, a police corporal testified that the manner of packaging the twelve rocks of crack cocaine found on Shumpert was consistent with the modus operandi of drug dealing. He stated that "[t]he manner in which they were found and presented to me would indicate that that was a product that was going to go to a retail customer." This witness did not testify about whether Shumpert possessed the requisite intent to deliver; he merely expressed his opinion that the manner of packaging was consistent with.the manner of packaging associated with drug dealing.

We conclude that this testimony was properly admitted, and as a result, defense counsel's failure to object was not a breach of an essential duty. In addition, Shumpert has not proven that he was prejudiced by any failure to object. As already noted, there was substantial evidence in addition to the expert testimony that Shumpert possessed the drugs for delivery and not for personal use.

**AFFIRMED.**