**STATE of Iowa, Appellee,**

v.

**Robert L. BAEHLER, Appellant.**

No. 98–1852.

Supreme Court of Iowa.

Dec. 22, 1999.

As Amended on Denial of Rehearing Jan. 20, 2000.

**602**

Dean Stowers of The Rosenberg Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, John P. Sarcone, County Attorney, and Jamie Bowers, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN, and TERNUS, JJ.

TERNUS, Justice.

The defendant, Robert Baehler, asks the court to reconsider its previous decision in *State v. Lange*, 531 N.W.2d 108 (Iowa 1995), holding that Iowa's drug tax is not a criminal penalty so as to trigger the protection of the Double Jeopardy Clause. *See generally* Iowa Code ch. 453B (1997) (imposing an excise tax on dealers who acquire, purchase, possess, manufacture, or produce specified illegal substances in this state). Although we have reviewed decisions from other states rendered since our *Lange* opinion in which courts have held that a drug tax is punishment, we find no basis to reconsider our position on this issue. Because the defendant's challenge to his conviction rests solely on his double jeopardy claim, which we conclude has no merit, we affirm the defendant's conviction.

I. *Background Facts and Proceedings.*

The defendant, Robert Baehler, was charged with several criminal offenses, including possession of a controlled substance with intent to deliver, in violation of Iowa Code section 124.401(1)(d) (1997). While the criminal charges were pending, he was assessed a tax on the drugs he had been charged with illegally possessing. *See* Iowa Code §§ 453B.3, .7 (imposing an excise tax on dealers who possess specified quantities of illegal drugs). After this assessment, Baehler filed a motion to dismiss the criminal case on the basis that the tax assessment was, in fact, a criminal penalty and that any additional criminal prosecution would result in a violation of the Double Jeopardy Clause of the United States Constitution. *See* U.S. Const. amend. V. The trial court overruled this motion.

Baehler then entered a guilty plea to the charge of possession of a controlled substance with the intent to deliver.[1] After sentencing, he filed this appeal. The sole claim made on appeal is that the trial court erred in denying Baehler's motion to dismiss. Because this claim is based on an alleged constitutional violation, our review is de novo. *See State v. Hill*, 555 N.W.2d 697, 699 (Iowa 1996); *Lange*, 531 N.W.2d at 111.

II. *Discussion.*

The United States Constitution provides that "[n]o person shall ... be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This provision of the

---

1. Baehler's guilty plea did not operate as a waiver of his double jeopardy claim. *See State v. Yodprasit*, 564 N.W.2d 383, 385 (Iowa 1997) (citing *State v. Tobin*, 333 N.W.2d 842, 845 (Iowa 1983)).

Fifth Amendment, the Double Jeopardy Clause, "protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense." *Department of Revenue v. Kurth Ranch,* 511 U.S. 767, 769 n. 1, 114 S.Ct. 1937, 1941 n. 1, 128 L.Ed.2d 767, 773 n. 1 (1994). This guarantee is enforceable against the states through the Fourteenth Amendment. *See Hill,* 555 N.W.2d at 699.

■ The issue in this case is whether the imposition of a drug tax constitutes a "punishment" such that it was a double jeopardy violation for the State of Iowa to subsequently prosecute and punish the defendant under a criminal statute for the same conduct. Whether a taxing scheme on illegal drugs can constitute a punishment for purposes of double jeopardy has previously been addressed by the United States Supreme Court in the *Kurth Ranch* case. In *Lange,* we subsequently analyzed Iowa's drug tax law in light of *Kurth Ranch* and held that the tax assessment was not a "prosecution" nor a "punishment" for purposes of double jeopardy. *See Lange,* 531 N.W.2d at 116–17; *accord State v. Shumpert,* 554 N.W.2d 250, 253 (Iowa 1996).

The defendant has asked us to revisit this issue in light of recent decisions in other jurisdictions in which drug tax statutes similar to Iowa's law have been held to constitute punishment in the context of a double jeopardy analysis. *See Lynn v. West,* 134 F.3d 582, 588 (4th Cir.1998); *Bryant v. State,* 660 N.E.2d 290, 294–95 (Ind.1995); *Commissioner of Revenue v.*

*Mullins,* 428 Mass. 406, 702 N.E.2d 1, 2 (1998). We find these cases distinguishable, as the following discussion will illustrate.

To understand the rationale of the cases cited by the defendant, it is first necessary to briefly review the United States Supreme Court's decision in *Kurth Ranch.*[2] In *Kurth Ranch,* the Supreme Court considered whether a tax imposed by the State of Montana "on the possession of illegal drugs assessed after the State has imposed a criminal penalty for the same conduct may violate the constitutional prohibition against successive punishments for the same offense." 511 U.S. at 769, 114 S.Ct. at 1941, 128 L.Ed.2d at 772–73. In answering this question, the Court focused on whether the tax "has punitive characteristics." *Id.* at 778–79, 114 S.Ct. at 1945, 128 L.Ed.2d at 778.

The Court initially noted that "neither a high rate of taxation nor an obvious deterrent purpose automatically marks [the Montana] tax as a form of punishment," although such characteristics were consistent with a punitive purpose. *Id.* at 780, 114 S.Ct. at 1946, 128 L.Ed.2d at 779. Aside from these two factors, the Court looked at two features that it found unusual and which set the Montana tax apart from other property taxes. *Id.* at 781, 114 S.Ct. at 1947, 128 L.Ed.2d at 779. First, the Court noted that the tax was conditioned upon the commission of a crime. *Id.* Under the Montana statute, the taxpayer had no obligation to pay the tax or even file a return until he had been arrested. *Id.* at 781, 114 S.Ct. at 1947, 128 L.Ed.2d at 780. The second unusual fea-

2. The State contends that a recent United States Supreme Court decision, *Hudson v. United States,* 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997), has drawn into question the continued vitality of the Court's holding in *Kurth Ranch.* We disagree. In *Hudson,* the Supreme Court rejected a test it had previously applied in *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), to determine whether a civil statutory penalty constituted punishment for double jeopardy

purposes. 522 U.S. at 101, 118 S.Ct. at 494, 139 L.Ed.2d at 460. One reason for the rejection of the *Halper* analysis was its elevation of one factor—"whether the sanction appeared excessive in relation to its nonpunitive purposes—to dispositive status." *Id.* The Court noted that *Kurth Ranch* did not suffer from this same fault. *See id.* at 102 n. 6, 118 S.Ct. at 495 n. 6, 139 L.Ed.2d at 461 n. 6. Therefore, we do not think that the Court's criticism of *Halper* affects the continued validity of *Kurth Ranch.*

ture noted by the Court was that the tax was levied on property the taxpayer did not own or possess at the time of the levy. *Id.* at 783, 114 S.Ct. at 1948, 128 L.Ed.2d at 781. Based on these attributes, which the Court found different from a standard tax assessment, the Court concluded that the Montana drug tax was "punishment for the purpose of double jeopardy analysis." *Id.*

This court first applied the *Kurth Ranch* case in *Lange.* 531 N.W.2d at 115–17. We concluded that the two factors found to be unusual features of the Montana statute were not present in the Iowa statute.[3] *Id.* at 116. We noted that, unlike the law at issue in *Kurth Ranch,* the Iowa tax is not dependent upon the commission of a crime or upon the arrest of the taxpayer because the Iowa tax is due immediately upon the acquisition or possession of the drug by the taxpayer. *Id.* at 116–17; *see also Kurth Ranch,* 511 U.S. at 781–82, 114 S.Ct. at 1947, 128 L.Ed.2d at 780 ("In this case, the tax assessment not only hinges on the commission of a crime, *it also is exacted only after the taxpayer has been arrested for the precise conduct that gives rise to the obligation in the first place. Persons who have been arrested for possessing marijuana* constitute the entire class of taxpayers subject to the Montana tax." (Emphasis added.)). In other words, the Iowa tax is not triggered by a parallel criminal prosecution.[4] We also concluded in *Lange* that, because the tax is due upon acquisition or possession, unlike the Montana tax, the Iowa tax is not im-

posed on goods that the taxpayer neither owns nor possesses at the time the tax is due. *Lange,* 531 N.W.2d at 117. Based on these distinctions, we held that the Iowa drug tax was "not a criminal penalty." *Id.* We reaffirmed this holding in *Shumpert.* 554 N.W.2d at 253.

In each of the cases cited by the defendant, the courts analyzed statutes that were strikingly similar to the Iowa drug tax law. These cases are different, however, from *Lange* and the case before us in the nature and scope of the factual record before the courts with respect to the actual implementation and enforcement of the drug tax laws. In the cases upon which the defendant relies, the record showed that the taxing authority had not undertaken efforts to enforce the law, but rather relied on referrals from law enforcement personnel of persons arrested for drug crimes. *See Lynn,* 134 F.3d at 591; *Bryant,* 660 N.E.2d at 297 & n. 15; *Mullins,* 702 N.E.2d at 7. In addition, although a taxpayer could theoretically pay the tax prior to arrest, the evidence in the federal case and Massachusetts case showed that no taxpayer had ever done so. *See Lynn,* 134 F.3d at 591; *Mullins,* 702 N.E.2d at 7. Based on these circumstances, the courts concluded that the tax was, in reality, conditioned on the commission of a crime. *See Lynn,* 134 F.3d at 590; *Bryant,* 660 N.E.2d at 296; *Mullins,* 702 N.E.2d at 7. Based on the same facts, the Fourth Circuit court and the Massachusetts court also concluded that the tax was not truly levied on possession of the

---

3. Although the drug tax law has been renumbered since our *Lange* decision and is now found in chapter 453B of the Iowa Code rather than chapter 421A, the substantive provisions of the statute were the same at the time of the present proceedings as they were when the defendant in *Lange* was convicted. *Compare* Iowa Code ch. 421A (1991), *with* Iowa Code ch. 453B (1997).

4. In *Hudson v. United States,* 522 U.S. 93, 104–05, 118 S.Ct. 488, 496, 139 L.Ed.2d 450, 462 (1997), the Supreme Court reaffirmed that the initial inquiry in double jeopardy analysis is whether the legislature intended the penalty or tax at issue to be civil in

nature. When a statute provides that a criminal prosecution gives rise to the penalty or the obligation to pay the tax, "the conclusion must be that the purpose is to impose a penalty as a deterrent and punishment of unlawful conduct." *United States v. Constantine,* 296 U.S. 287, 295, 56 S.Ct. 223, 227, 80 L.Ed. 233, 239 (1935). The fact that Iowa's drug tax is not triggered by or dependent on a parallel criminal prosecution indicates, therefore, that the tax was intended by the legislature to be a true revenue-raising measure and not another punishment for the criminal offense of dealing in illegal substances.

drugs because, by the time the tax was assessed, the taxpayer no longer possessed the drugs. *See Lynn,* 134 F.3d at 591; *Mullins,* 702 N.E.2d at 7. Similarly, the Indiana court held that Indiana's excise tax on drugs was not a legitimate excise tax because the tax was routinely imposed after the drugs had been confiscated. *Bryant,* 660 N.E.2d at 297. Consequently, unlike the typical payor of an excise tax, "[t]he taxpayer neither enjoys a privilege nor performs an act at the time of taxation." *Id.*

The record before us does not reveal the facts and circumstances found persuasive in these cases. There is no evidence in the record that the director of revenue and finance does not enforce the law unless a referral is made by law enforcement personnel. *See* Iowa Code § 453B.2 (placing duty of enforcement on the director of revenue and finance). Nor is there any evidence in the record with respect to voluntary compliance with the reporting and payment requirements of the law. Consequently, we have no basis to draw the conclusions that were fundamental to the Fourth Circuit, Indiana, and Massachusetts courts' decisions holding that their respective drug taxes constituted a criminal penalty. Moreover, we question those courts' reliance on evidence extrinsic to the statute in analyzing whether the statute imposes a criminal sanction. In *Kennedy v. Mendoza–Martinez,* 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963), the United States Supreme Court stated that the factors relevant to determining whether a statute is penal or regulatory in nature "must be considered in relation to the statute *on its face.*" 372 U.S. at 169, 83 S.Ct. at 568, 9 L.Ed.2d at 661 (emphasis added). This analytical framework was recently reaffirmed by the Court. *See Hudson v. United States,* 522 U.S. 93, 101, 118 S.Ct. 488, 494, 139 L.Ed.2d 450, 460 (1997) (noting that the Court, in *United States v. Halper,* 490 U.S. 435, 447, 109 S.Ct. 1892, 1901, 104 L.Ed.2d 487, 501 (1989), had erroneously failed to "evaluat[e] the 'statute on its face' to determine whether it

provided for what amounted to a criminal sanction"). Contrary to the analysis approved in *Kennedy* and *Hudson,* the courts in the cases upon which the defendant relies considered the actual implementation of the statute in ascertaining its penal character, rather than focusing on the statute "on its face." Therefore, we do not find these authorities persuasive.

III. *Disposition.*

We decline to overrule our decision in *Lange.* Under that decision, the defendant's double jeopardy claim has no merit. 531 N.W.2d at 117 (holding that Iowa's drug tax is not a criminal penalty and, consequently, does not implicate the Double Jeopardy Clause). Therefore, we affirm the defendant's conviction.

**AFFIRMED.**