# IN THE COURT OF APPEALS OF IOWA

No. 13-1051
Filed April 16, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**STEPHEN ANDREA MARKS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Henry W. Latham II,

Judge.


        Stephen Marks appeals from his sentence. **SENTENCE VACATED AND**

**CASE REMANDED FOR RESENTENCING.**


        Mark C. Smith, State Appellate Defender, and Dennis Hendrickson,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Katie Fiala, Assistant Attorney

General, Michael J. Walton, County Attorney, and Amy Devine, Assistant County

Attorney, for appellee.



        Considered by Vogel, P.J., McDonald, J., and Eisenhauer, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MCDONALD, J.**

Stephen Marks appeals from the sentence imposed following his conviction of second-degree robbery, enhanced as a habitual offender pursuant to Iowa Code section 902.8 (2013). He claims the court imposed an illegal sentence and his trial attorney was ineffective in allowing him to stipulate to the predicate convictions supporting the habitual offender enhancement. The State agrees the sentence is illegal but for a different reason. The State contends the court imposed the wrong mandatory minimum sentence. We vacate the sentence and remand for resentencing.

I.

A jury found Marks guilty of second-degree robbery. In preparation for the habitual offender phase of the proceeding, the court asked Marks to consider whether he wanted to stipulate to the prior convictions or have the State present evidence to prove them. The court held a colloquy with Marks the next day, during which Marks was given information about sentencing. After discussing the issue with his attorney and the court, Marks stipulated to two prior felony convictions. At sentencing, the court imposed an indeterminate term of incarceration not to exceed fifteen years pursuant to the habitual offender enhancement. *See* Iowa Code §§ 902.8, 902.9(3). The court applied a three-year mandatory minimum to the sentence.

II.

A.

We first address the parties' illegal sentence arguments. An illegal sentence may be challenged at any time. *See State v. Bruegger*, 773 N.W.2d

862, 872 (Iowa 2009). Generally, a claim a sentence is illegal is reviewed for corrections of errors at law, but to the extent a claim implicates constitutional concerns, such as violation of the prohibition on ex post facto laws, review is de novo. *See State v. Brooks*, 760 N.W.2d 197, 204 (Iowa 2009).

Marks was convicted of robbery in the second degree. Iowa Code section 902.12 provides that a person convicted of robbery in the second degree must serve at least seven-tenths of the maximum term of the person's sentence. *See* Iowa Code § 902.12. Marks stipulated to two predicate felony convictions supporting the application of the habitual offender enhancement pursuant to Iowa Code section 902.8, which provides for an indeterminate term of incarceration not to exceed fifteen years without eligibility for parole until the person has served the minimum sentence of confinement of three years. *See* Iowa Code § 902.8. The written judgment entry in this case provides for a fifteen-year sentence with a three-year mandatory minimum sentence.

The State contends the court imposed an illegal sentence because the sentencing court imposed a three-year mandatory minimum instead of the seventy percent mandatory minimum in section 902.12. The State is correct. Our supreme court concluded the seventy percent mandatory minimum in section 902.12 applies to the habitual offender enhancement imposed following conviction for robbery in the second degree and trumps the three-year mandatory minimum. *See State v. Ross*, 729 N.W.2d 806, 811-12 (Iowa 2007). Marks appears to agree the sentence is illegal but contends that nothing further needs to be done on appeal because his release date on the department of corrections website shows he actually is serving a ten-and-one-half-year (seventy percent of

fifteen years) sentence. While the department of corrections website may show it is administering the correct sentence, the sentence pronounced and the written judgment entry is incorrect. We vacate the sentence and remand for resentencing with the correct mandatory minimum.

Marks contends his sentence is illegal in another respect. Marks contends his sentence violates the constitutional prohibition against ex post facto laws because one of the predicate convictions supporting the habitual offender enhancement was obtained before the effective date of the seventy percent mandatory minimum set forth in section 902.12. "The ex post facto provisions of the federal and state constitutions forbid enactment of laws that impose punishment for an act that was not punishable when committed or that increases the quantum of punishment provided for the crime when it was committed." *State v. Pickens*, 558 N.W.2d 396, 397 (Iowa 1997). It "forbids application of a new punitive measure to conduct already consummated where it operates to the detriment or material disadvantage of the accused." *State v. Walker*, 506 N.W.2d 430, 433 (Iowa 1993). Application of the seventy percent mandatory minimum to the habitual offender enhancement raises no constitutional concern here. These laws "do not punish for the old offense, but stiffen the punishment for the latest offense." *State v. DeCamp*, 622 N.W.2d 290, 294 (Iowa 2001). As such, "the issue of enhanced sentencing based on prior convictions is outside the scope of the principles which apply to the prospective or retrospective application of a statute." *Id.* Accordingly, Marks' claim fails.

B.

Marks contends his attorney was constitutionally ineffective in allowing him to stipulate to the predicate convictions supporting the habitual offender enhancement. Specifically, he contends the stipulation to the prior convictions was made without his being informed the seventy percent mandatory minimum sentence applied to the habitual offender enhancement. While a defendant may raise ineffective-assistance claims on direct appeal if there are reasonable grounds to believe the record is adequate to address the claim, the trial record alone will be sufficient to resolve the claim on direct appeal in only "rare cases." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). We find the record is adequate in this case. Ineffective-assistance-of-counsel claims are reviewed de novo. *State v. Thompson*, 836 N.W.2d 470, 476 (Iowa 2013). To establish his attorney was ineffective, Marks must prove his attorney breached an essential duty and prejudice resulted. *See State v. Null*, 836 N.W.2d 41, 48 (Iowa 2013). Failure to prove either element by a preponderance of the evidence is fatal to the claim. *State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003). We conclude that counsel did not breach an essential duty and there was no prejudice.

While the written judgment entry in this case does apply the three-year mandatory minimum set forth in the habitual offender statute, Marks was informed during colloquy with the court that the seventy percent mandatory minimum set forth in section 902.12 would apply:

> Robbery in the Second Degree, because it's a C felony, instead of being ten years for a C felony with a mandatory minimum of seventy percent, the habitual offender enhances it to fifteen years.
> . . . .

. . . the Defendant is being advised under 902.8 and 902.9(3), of the increased penalty of the fifteen years with the mandatory—although the mandatory three years doesn't apply here because it's already seventy percent under the Robbery Second . . . .

. . . .

902.8, minimum sentence, habitual offender. "A habitual offender is any person convicted of a Class C or Class D felony who has twice before been convicted of any felony in a court of this or any other state or of the United States. An offense is a felony if by law under which the person is convicted it is so classified at the time of the person's conviction. A person sentenced as an habitual offender should not be eligible for parole until the person has served the minimum sentence of confinement of three years." But as [the State] correctly stated on the record, you understand, there is a minimum sentence if you are found guilty on the Robbery Second Degree charge.

902.9(3) is the maximum sentence for felonies. And under 902.9 (3), "An habitual offender shall be confined for no more than fifteen years." Do you understand if you stipulate, the minimum sentence, it would be a term of fifteen years, sir?

THE DEFENDANT: Yes. Would that be run concurrent if I'm found guilty?

THE COURT: That is the sentence of the Court that would be imposed. It would be a total of fifteen years on this charge rather than the ten years that you would have received just convicted on the crime of Robbery in the Second Degree.

We conclude Marks was properly informed of the applicable maximum period of incarceration and mandatory minimum sentence. Because Marks was properly informed, his decision to stipulate was neither involuntary nor unintelligent. Consequently, his attorney had no duty to prevent him from entering the stipulation or to question the adequacy of the court's inquiry.

Even if counsel breached a duty owed Marks, Marks cannot demonstrate prejudice. *See State v. Vesey*, 482 N.W.2d 165, 168 (Iowa Ct. App. 1991). The minutes of testimony and the State's witness list identified court officials and probation officers who could have presented evidence of Marks' two prior felony convictions if he had decided not to stipulate to the same. Because the State

could have proved the prior convictions if Marks had not stipulated to them, his claim fails.  *See id.*

**SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**