# IN THE COURT OF APPEALS OF IOWA

No. 14-1235
Filed November 12, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JOSEPH GENE BAILEY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for O'Brien County, Don E. Courtney,

Judge.

Defendant appeals his conviction for child endangerment causing serious

injury.  **REVERSED AND REMANDED.**

Jack Bjornstad of Jack Bjornstad Law Office, Okoboji, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Bridget A.

Chambers, Assistant Attorneys General, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Defendant Joseph Bailey appeals his conviction for child endangerment causing serious injury. We conclude the district court abused its discretion by permitting a witness to give an opinion Bailey "did it," meaning he was guilty of child endangerment. Accordingly, we reverse and remand this case for a new trial. Because Bailey will be retried, we need not address his claim he was denied his constitutional right to present a defense due to the court's ruling on a motion in limine or his claim there was a biased juror on the jury.

## I.       Background Facts & Proceedings

In December 2012, Bailey was living with his girlfriend, Brittney Marble (Marble); her daughter, I.M., who was then three years old; and another child, who was the child of Bailey and Marble. On December 19, 2012, I.M. spent some time with her maternal grandmother, Stephanie Marble, while Marble took her other child to a doctor's appointment. Marble stated that after she picked up I.M., I.M. fell on the ice, hitting her bottom. She stated I.M. cried for a little bit, then seemed "okay." Bailey got home from work between 7:00 and 8:00 p.m. Marble got I.M. ready for bed and stated the child seemed fine at that time. Marble left for work at about 9:00 p.m., leaving Bailey in charge of watching the children.

Bailey stated he was watching television when he heard a "gurgling" or "grunting" sound coming from I.M.'s bedroom. He checked on her and saw she was having a seizure. He ran over to the home of a neighbor, Jacqueline Sik, who often provided babysitting for the children. Sik assisted Bailey in attempting

to care for I.M. by rubbing wet washclothes on her and trying to comfort her. At about 12:30 a.m. on December 20, 2012, Bailey called Marble at work and told her I.M. had a seizure. Marble left work and came home. She found I.M. lying in bed and awake. I.M. was "[v]ery tired and just not speaking very much." Marble had no problem putting new pajamas on I.M.,[1] but during the night I.M. told Marble about three times that her arm hurt.

In the morning, at about 10:00 a.m., Marble took I.M. to the emergency room. An x-ray showed both of the bones in I.M.'s forearm were broken. Due to the seizure, I.M. also had CT scans, which showed she had a subdural hematoma.[2] Medical professionals stated the seizure was the result of, not the cause of, the subdural hematoma. Dr. Suzanne Haney stated the likely cause of the subdural hematoma was "[s]omebody shaking her or throwing her down hard enough to cause that." Based on the C.T. scans, Dr. Haney stated I.M. was injured up to three days—or at a maximum, one week—earlier. I.M. also had bruises on her buttocks and thighs that could have been the result of spanking. In Dr. Haney's opinion, I.M.'s injuries were non-accidental.

Bailey was charged with child endangerment resulting in serious injury, in violation of Iowa Code section 726.6(5) (2011). Prior to trial the State filed a motion in limine seeking to prohibit Bailey from presenting any evidence concerning Marble's "alleged character traits of anger, aggression, and/or violence." The State also sought to prohibit Bailey from presenting, "[a]ny evidence or statement that suggests that any other person, including (but not

---

[1] I.M.'s other pajamas had gotten wet when Bailey and Sik put wet washclothes on her.
[2] I.M. had C.T. scans on December 20, December 21, and December 23.

limited to) Jacqueline Sik, Brittany Marble, or Stephanie Marble, could have been responsible for the injuries sustained by I.M. on or about December 19 and/or December 20, 2012." The district court granted the motion in limine.

During the trial Marble testified everybody else was thinking Bailey injured I.M., but she did not want to believe it. The following exchange occurred:

> Q. Okay. What do you think the truth is now as you sit here today?
> Defense Counsel: Objection, Your Honor. Question calls for opinion, not properly subject to opinion testimony.
> Prosecutor: Your Honor, this witness is a witness that is intimately involved in the situation, and it's relevant to her testimony about what she did and why she did it.
> The Court: I'll allow it.
> Prosecutor: Could you read the question back please. (The court reporter read the question . . . .)
> Defense Counsel: Your Honor, it all goes back. I'm going to raise the objection again.
> The Court: Objection is noted in the record but overruled.
> A. I think that he did it (crying).
> Q. Is "he" Joseph Bailey? A. Yes.
> Q. Is that a hard answer for you to give? A. Yes.

The jury found Bailey guilty of child endangerment resulting in serious injury. Bailey filed a motion for new trial, claiming the court erred by overruling his objection to Marble's testimony expressing an opinion as to his guilt or innocence. The court denied the motion, stating it believed the witness did not give a direct opinion that Bailey was guilty or innocent. The court also stated that even if the testimony had been improperly admitted, it was not sufficiently prejudicial to grant a new trial.

Bailey was sentenced to a term of imprisonment not to exceed ten years. He now appeals his conviction.

## II.     Opinion Testimony

Bailey contends the district court erred by permitting Marble to state she believed he injured I.M.  He asserts Marble was improperly permitted to give an opinion that he was guilty and her opinion was not helpful to the jury, but merely conveyed her conclusion as to his guilt.

"No witness should be permitted to give his opinion that a person is guilty or innocent, or is criminally responsible or irresponsible."[3]  *State v. Oppedal*, 232 N.W.2d 517, 524 (Iowa 1975).  Opinion testimony should not cross "that 'fine but essential' line between an 'opinion which would be truly helpful to the jury and that which merely conveys a conclusion concerning defendant's legal guilt.'" *State v. Myers*, 382 N.W.2d 91, 98 (Iowa 1986).  "Determining guilt or innocence is the exclusive function of the finder of fact," and consequently, it is an improper subject of opinion testimony.  *State v. Dinkins*, 553 N.W.2d 339, 341 (Iowa Ct. App. 1996).

We determine the district court abused its discretion in permitting Marble to give her opinion Bailey "did it," which was tantamount to permitting her to testify Bailey was guilty of child endangerment.  *See Myers*, 382 N.W.2d at 93 (noting our review of a district court ruling permitting opinion testimony is for an abuse of discretion).  Additionally, the testimony was not helpful to the jury, but merely addressed the issue of whether Marble thought Bailey was the person

---

[3]  Under Iowa Rule of Evidence 5.704, "Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."  Under the rule, however, "a witness cannot opine on a legal conclusion or whether the facts of the case meet a given legal standard."  *In re Detention of Palmer*, 691 N.W.2d 413, 419 (Iowa 2005).

who injured I.M., an issue which is solely within the province of the jury. *See id.* at 98 (stating opinion evidence is improper if it "merely conveys a conclusion concerning defendant's legal guilt").

Where opinion evidence has been improperly admitted, we will reverse a defendant's conviction and remand for a new trial where the error was prejudicial to the defendant. *Id.* The State claims that any error in admitting the testimony was harmless. The State has "the burden to affirmatively establish the substantial rights of the defendant were not affected." *State v. Dudley*, 856 N.W.2d 668, 678 (Iowa 2014). We determine the State has not met this burden. As the State asserts in its appellate brief, "given the timing of the injuries, the only two people who realistically could have been suspects were Brittney Marble and defendant." While there was ample evidence showing I.M.'s injuries were non-accidental, the evidence that Bailey was the person who inflicted the injuries, rather than Marble, is based solely upon Marble's testimony. Given this factual scenario, we find Marble's statement that Bailey "did it," was prejudicial. We conclude the case must be reversed and remanded for a new trial.

## III. Other Issues

**A.** Bailey claims the district court abused its discretion in granting the State's motion in limine prohibiting him from presenting "[a]ny evidence or statement that suggests that any other person, including . . . Brittney Marble . . . could have been responsible for the injuries sustained by I.M. on or about December 19 and/or December 20, 2012." Bailey claims he was denied his constitutional right to present a defense.

"The right to present a defense is so fundamental and essential to a fair trial that it is accorded the status of an incorporated right through the Fourteenth Amendment's Due Process Clause." *State v. Clark*, 814 N.W.2d 551, 561 (Iowa 2012). Because we do not know if the State will file the same motion in limine on retrial, and if it is filed, what objections the defense will make, or what evidence the defense might seek to submit, we do not address Bailey's claim the court's ruling on the motion in limine violated his constitutional right to present a defense. We conclude these issues must be considered by the district court in light of the circumstances presented at Bailey's new trial.

**B.** Bailey also claims he is entitled to a new trial because a biased juror sat on the jury. We have already determined Bailey is entitled to a new trial. He will have a new jury panel, and we conclude we do not need to address his claim that there was a biased juror at his earlier trial.

We reverse Bailey's conviction for child endangerment causing serious injury and remand for a new trial.

**REVERSED AND REMANDED.**