**Antonio SPEED, Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 99–1008.

Supreme Court of Iowa.

Aug. 28, 2000.

Christopher A. Kragnes, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Roxann M. Ryan, Assistant Attorney General, John P. Sarcone, County Attorney, and Steven M. Foritano, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., LARSON, CARTER, TERNUS, and ANDREASEN,* JJ.

PER CURIAM.

Antonio Speed appeals from the district court's denial of his application for post-conviction relief following his guilty plea, conviction, and sentence for going armed with intent in violation of Iowa Code section 708.8 (1995). He claims he was denied his right to effective assistance of counsel because his defense counsel failed to attempt to suppress the statements he made to officers and committed other errors prior to his plea. We affirm.

The State initially charged Speed with first-degree murder after a woman was killed when she entered a rolling gun battle between rival gang members on April 8, 1996. Pursuant to a plea agreement, he pled guilty to one count of going armed with intent. After denying his motion in arrest of judgment, the court sentenced him to an indeterminate term of imprisonment not to exceed five years. He appealed the denial of his motion in arrest of judgment, and this court affirmed his conviction and sentence, finding, in part, that his plea was voluntary. *State v. Speed,* 573 N.W.2d 594 (Iowa 1998). The district court denied Speed's application for post-conviction relief, and he appeals.

Speed contends he was denied his right to effective assistance of counsel because the waiver of his *Miranda* rights was not knowing and voluntary and his counsel failed to attempt to suppress his state-

* Senior judge assigned by order pursuant to    Iowa Code section 602.9206 (1999).

ments to police. He also claims that the cumulative effect of all of the errors in this case was so prejudicial that he was denied effective assistance of counsel. Speed asserts counsel failed to file a motion in limine in relation to gang activity and evidence of other murders, failed to adequately investigate and depose certain individuals, waived his speedy trial rights without his consent, and failed to introduce a letter written to him by trial counsel during the hearing on the motion in arrest of judgment which would have helped prove his claim that counsel coerced him into pleading guilty. The State contends Speed did not raise many of these arguments in his direct appeal and the only issue preserved in this appeal is whether trial counsel was ineffective for failing to file a motion to suppress Speed's confession to police.

■ It is well established the entry of a guilty plea pursuant to Iowa Rule of Criminal Procedure 8(2)(b) waives all defenses and objections which are not intrinsic to the plea itself. *State v. Antenucci,* 608 N.W.2d 19, 19 (Iowa 2000); *State v. Mattly,* 513 N.W.2d 739, 740 (Iowa 1994); *State v. Morehouse,* 316 N.W.2d 884, 885 (Iowa 1982). The record in this case reveals the district court's compliance with the requirements set forth in rule 8(2)(b). We have previously found claims arising from the denial of a motion to suppress or from counsel's failure to investigate or file a motion to suppress do not survive the entry of a guilty plea. *See State v. Sharp,* 572 N.W.2d 917, 918–19 (Iowa 1997); *State*

*v. Freilinger,* 557 N.W.2d 92, 93–94 (Iowa 1996); *State v. Culbert,* 188 N.W.2d 325, 326 (Iowa 1971).

■ Finally, Speed attempts, in the guise of an ineffective-assistance-of-counsel claim, to show that his plea was coerced because of counsel's failure to secure the suppression of inculpatory evidence. That is not a circumstance that bears on the knowing and voluntary nature of a plea. As we recognized on Speed's direct appeal:

> Speed asserts ... the amount of evidence the State has against a defendant affects the defendant's decision to plead guilty. This argument fails to distinguish between a defendant's tactical rationale for pleading guilty and a defendant's understanding of what a plea means and his or her choice to voluntarily enter the plea. Any subsequently discovered deficiency in the State's case that affects a defendant's assessment of the evidence against him, but not the knowing and voluntary nature of the plea, is not intrinsic to the plea itself.

*Speed,* 573 N.W.2d at 596. We affirm the denial of postconviction relief.

**AFFIRMED.**