**STATE of Iowa, Appellee,**

v.

**Jeremy Shane LaRUE, Appellant.**

**No. 99–801.**

Supreme Court of Iowa.

Nov. 16, 2000.

---

Penelope C. Souhrada, Davenport, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, William E. Davis, County Attorney, and Julie Walton, Assistant County Attorney, for appellee.

SNELL, Justice.

This is an appeal resulting from a guilty plea accepted by the district court. Appellant seeks an invalidation of his plea and conviction because his former counsel was appointed by the court to represent a co-defendant in the same proceeding, subsequent counsel failed to object, and subsequent counsel failed to depose a defense witness. We find that a valid guilty plea waives each challenge asserted here. We affirm the guilty plea and conviction.

I. Facts and Procedural History

Due to an incident occurring on October 29, 1998, Jeremy Shane LaRue was charged with first-degree kidnapping and first-degree robbery. Attorney Patricia Zamora was appointed as counsel for LaRue on November 4, 1998. She served as his counsel for nineteen days, after which time she discovered that LaRue's co-defendant was her former client. Zamora was allowed by the court to withdraw as LaRue's counsel on November 23, 1998. Zamora was subsequently appointed to represent her former client and LaRue's co-defendant, Lana Kelly, who faced identical charges. While representing Kelly, Zamora negotiated a favorable sentence for Kelly in exchange for her client's damaging statement against LaRue.

The district court granted the counsel substitution "because of prior legal involvement with Lana Kelly, Pat Zamora could appear to have a conflict of interest." It recognized that prejudice to LaRue and Kelly was a concern, but concluded that "these cases [were] pre-arraignment and no prejudice [would] come to any party as a result of substitution of counsel." LaRue made no objection to the switch at this time, nor at any time during the plea hearing or sentencing. He makes this challenge for the first time before this court on direct appeal.

As a result of Kelly's testimony against him, LaRue was faced with the predicament of going to trial and running the risk of a life sentence in prison or accepting his plea agreement and pleading guilty to third-degree kidnapping and first-degree robbery. He opted for the latter. Then represented by attorney David Treimer,

LaRue pled guilty and was sentenced to concurrent terms of twenty-five and ten years. Although informed of the required procedure to challenge a conviction following a guilty plea, LaRue failed to file a motion in arrest of judgment.

LaRue makes several constitutional challenges here on appeal. The State counters that error was not preserved on these issues and that a valid guilty plea effectively waives all challenges except those directed toward the validity of the plea itself.

## II. Issues on Appeal

LaRue argues his guilty plea and conviction are invalid because of the occurrence of three constitutional violations in the former proceedings. (1) Specifically, LaRue alleges that the district court erred when it allowed his former counsel, Zamora, to represent his co-defendant. He argues this created a conflict of interest by virtue of his previous relationship with Zamora as his lawyer and her subsequent involvement in his conviction. LaRue claims the district court violated his Sixth Amendment rights under the United States Constitution by appointing an attorney with a conflict of interest. (2) LaRue further argues that his trial counsel, Treimer, was ineffective for failing to object to this conflict thereby depriving him of his Sixth Amendment right to be effectively represented by counsel. (3) LaRue also charges that Treimer failed to depose a crucial witness that may have led to exculpatory evidence.

### A. Effect of the Guilty Plea on the Conflict Claim

The entry of a guilty plea and the subsequent acceptance of it by the court is meant to be a final adjudication of the defendant's guilt. "Once a defendant has waived his right to a trial by pleading guilty, the State is entitled to expect finality in the conviction." *State v. Mann,* 602 N.W.2d 785, 789 (Iowa 1999). This is true because "[a] plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction." *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274, 279 (1969). "Accordingly, any constitutional challenge that would undermine the defendant's *conviction,* with certain exceptions[,] ... is waived." *Mann,* 602 N.W.2d at 789.

This court has previously recognized five challenges which are not waived by a plea of guilty. A defendant may allege insufficient trial information or facial constitutional vagueness of the statute he was convicted under. *State v. White,* 545 N.W.2d 552, 554 (Iowa 1996); *State v. Robinson,* 618 N.W.2d 306, 312 (Iowa 2000), *overruling in part State v. Hunter,* 550 N.W.2d 460, 462 n.1 (Iowa 1996) (holding previously that a guilty plea did not waive an as applied challenge of the convicting statute). A defendant does not waive the claim that his plea was uninformed or involuntary. *State v. Nikkel,* 597 N.W.2d 486, 487–88 (Iowa 1999). We have previously said the claim of double jeopardy is not foreclosed by a guilty plea. *State v. Baehler,* 604 N.W.2d 601, 602 n.1 (Iowa 1999). *But see United States v. Broce,* 488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927, 935–36 (1989). A defendant may still challenge the sentencing statute. *Mann,* 602 N.W.2d at 789–90. Lastly, the claim of ineffective assistance of counsel which calls into question the voluntariness of the defendant's plea may be brought following a guilty plea. *Mott v. State,* 407 N.W.2d 581, 582–83 (Iowa 1987).

LaRue alleges that a conflict of interest was created when his former attorney was appointed to represent his co-defendant. This claim does not nicely fit within one of the above exceptions. LaRue makes no challenge that his guilty plea was involuntary, that it was based on inadequate trial information, or the result of a defective statute. Double jeopardy is also not at issue in this case. LaRue does argue that his own counsel was ineffective, but this has no relation to the conflict of interest claim. We will discuss the availability of

the defendant's ineffective assistance of counsel claim later in this opinion.

We are persuaded that "a guilty plea taken in conformity with Iowa Rule of Criminal Procedure 8(2)(b) waives all defenses and objections." *State v. Antenucci,* 608 N.W.2d 19, 19 (Iowa 2000). The fact that a constitutional right may be involved does not change our decision. "A constitutional right, like any other right of an accused, may be waived ... [when] defendant plead[s] guilty in open court, with assistance of counsel...." *State v. Delano,* 161 N.W.2d 66, 73 (Iowa 1968); *see also Mann,* 602 N.W.2d at 788 (recognizing guilty plea waives the Fifth Amendment right not to incriminate oneself, the Seventh Amendment right to trial by jury, and the Sixth Amendment right to confront accusers (citing *Boykin,* 395 U.S. at 243, 89 S.Ct. at 1712, 23 L.Ed.2d at 279)).

LaRue wants this court to promulgate a rule that the alleged conflict of interest present in this case should be judicially noticed and the former attorney disqualified by the court even though no objection was made. LaRue's claim that the district court violated his Sixth Amendment rights by approving the counsel substitution is one unique to this jurisdiction. Moreover, we can find no other court across the country that has addressed this issue. LaRue phrases it as a Sixth Amendment conflict of interest claim, but the State argues it is actually a Fifth Amendment Due Process claim. Without passing judgment on whether LaRue's claim constitutes a Sixth Amendment claim or a Fifth Amendment Due Process claim, we hold that it was waived by LaRue's guilty plea.

**B.  Effect of the Guilty Plea on the Ineffective Assistance Claim**

Following a valid guilty plea only those challenges that are fundamental to the plea itself still remain available to the defendant. *See Mann,* 602 N.W.2d at 789. Generally, ineffective assistance of counsel claims fall within this category. *See Mott,* 407 N.W.2d at 582–83. However, this court has recently held that if the undercurrent of the ineffective assistance claim is an issue designed to question the validity of the conviction, it, too, is waived. *Speed v. State,* 616 N.W.2d 158, 159 (Iowa 2000) (per curiam) (*Speed II*). In *Speed II,* we held that we would not hear ineffective assistance claims that did not "bear[ ] on the knowing and voluntary nature of a plea." *Id.* In an earlier disposition of the same case on direct appeal we had occasion to state: "Any subsequently discovered deficiency in the State's case that affects a defendant's assessment of the evidence against him, but not the knowing and voluntary nature of the plea, is not intrinsic to the plea itself." *State v. Speed,* 573 N.W.2d 594, 596 (Iowa 1998) (*Speed I* ).

The *Speed II* court dealt with a challenge of the failure of counsel to move for suppression of evidence in the "guise" of an ineffective assistance of counsel claim. *Speed II,* 616 N.W.2d at 159. The court first recognized that evidentiary challenges which attack the basis for the conviction "do not survive the entry of a guilty plea." *Id.* (citing *State v. Sharp,* 572 N.W.2d 917, 918–19 (Iowa 1997)); *see also Speed I,* 573 N.W.2d at 596 (holding that the decisions not to investigate further or move to suppress evidence have more relation to a "tactical rationale for pleading guilty [than] a defendant's understanding of what a plea means" or its voluntariness). When these challenges are then brought disguised as ineffective assistance claims the result is unchanged, and the objection is waived. *Speed II,* 616 N.W.2d at 159.

We hold that LaRue's ineffective assistance claims presented here fall within the *Speed II* rationale. The defendant maintains that his counsel should have objected to the alleged conflict of interest created by the counsel substitution and should have deposed a defense witness. Neither of these claims imply the defendant's plea was uninformed or involuntary. In *Speed II,* we held that counsel's failure to investigate or move in objection were not circum-

stances inherent in the plea itself. Such is also the case here. Moreover, LaRue's conflict of interest assertion is not a viable claim recognized by this court. Were we to preserve it for postconviction, we would have no definable issue to leave for the district court's perusal. This is because in the instant case there is no record made as to what information was obtained by Zamora in her representation of LaRue that specifically prejudiced his rights when she subsequently represented Kelly. Accordingly, we hold that LaRue waived his ineffective assistance claims upon pleading guilty.

C. Conclusion

The general rule is that when defendant's attorney has a conflict of interest he should be disqualified, and if he is not, the conviction may be overturned for that reason. *See Richers v. Marsh & McLennan Group Assocs.,* 459 N.W.2d 478, 481–82 (Iowa 1990). Here the conflict stems, not from LaRue's trial counsel, but from former counsel. While we recognize the potential problems created by this scenario, we have no occasion to consider if this rule should be extended when former counsel represents a co-defendant in the same proceeding. By virtue of LaRue's informed guilty plea, the objection based on this issue was waived. For the same reasons, we also pass no judgment on the ineffective assistance claims because we hold that they were waived by the guilty plea. Accordingly, LaRue's conviction based on his guilty plea is affirmed.

**AFFIRMED.**

McGIVERIN, S.J.,* participates in place of LARSON, J., who takes no part.

---

* Senior judge assigned by order pursuant to        Iowa Code section 602.9206 (1999).