# IN THE COURT OF APPEALS OF IOWA

No. 13-0703
Filed August 13, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAMAR ANTHONY JACKSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mary E. Howes (plea) and Nancy S. Tabor (sentencing), Judges.


        Jamar Anthony Jackson appeals the judgment and conviction entered after he pled guilty to conspiracy to commit a forcible felony and accessory after the fact. **AFFIRMED.**


        Lauren M. Phelps, Davenport, for appellant.

        Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, Michael J. Walton, County Attorney, and Amy Devine, Assistant County Attorney, for appellee.


        Considered by Danilson, C.J., Potterfield, J., and Sackett, S.J.* Tabor, J., takes no part.

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**SACKETT, S.J.**

Jamar Anthony Jackson appeals the judgment and conviction entered after he pled guilty to conspiracy to commit a forcible felony and accessory after the fact. He contends the trial court failed to adequately inform him of the rights he would give up by pleading guilty and erred in accepting the plea. He also contends he received ineffective assistance of counsel.

The entry of a guilty plea and its acceptance is a final adjudication of a defendant's guilt. *State v. LaRue*, 619 N.W.2d 395, 397 (Iowa 2000). By pleading guilty, a defendant waives any constitutional challenge that would undermine the conviction, with five recognized exceptions. *Id.* A defendant retains the ability to challenge insufficient trial information or facial constitutional vagueness of the statute, claim a plea was uninformed or involuntary, bring a double jeopardy claim, challenge the sentencing statute, and claim ineffective assistance of counsel that calls into question the voluntariness of the plea. *Id.* He challenges only the last of these on appeal, arguing counsel was ineffective in failing to challenge the court's inadequate plea colloquy. Because the record is not adequately developed to allow us to consider the merits of this claim on direct appeal, we affirm Jackson's conviction and preserve his ineffective-assistance claims for further development during postconviction proceedings. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

**AFFIRMED.**