# IN THE COURT OF APPEALS OF IOWA

No. 13-1742
Filed September 17, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRYAN LEE HOLMES,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, Paul W. Riffel

(guilty plea) and Rustin T. Davenport (sentencing), Judges.


        Defendant appeals his conviction for lascivious acts with a child.

**AFFIRMED.**



        Mark C. Smith, State Appellate Defender, and Rachel C. Regenold,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant

Attorney General, Carlyle Dalen, County Attorney, and Rachael A. Ginbey,

Assistant County Attorney, for appellee.



        Considered by Vogel, P.J., Mullins, J., and Eisenhauer, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**EISENHAUER, S.J.**

Bryan Lee Holmes appeals from his conviction for lascivious acts with a child. Holmes contends the district court had a duty to inquire into a conflict of interest and claims a "Consent to Representation" he signed is invalid because his documented difficulty with reading and writing precludes a knowing, voluntary, and intelligent waiver. We affirm.

## I. Background Facts and Proceedings.

On April 11, 2013, a trial information was filed charging Holmes with the crime of sexual abuse in the third degree, a class "C" felony, in violation of Iowa Code sections 709.1 and 709.4(2)(b) (2013). On April 26, 2013, the office of the public defender filed a notice of prior representation with the court. The office of the public defender had previously represented R.H., the mother of Holmes's alleged victim, A.H. The most recent representation of R.H. involved a case closed on July 15, 2010, more than two years prior to the filing of the trial information in this case. With knowledge of the prior representation, Holmes and counsel signed a "Consent to Representation" on April 26, 2013.

An amended trial information was filed September 24, 2013, charging Holmes with lascivious acts with a child, a class "D" felony, in violation of sections 709.1, 709.8(4), and 903B.2. On September 24, 2013, Holmes entered an *Alford* plea to the amended charge, and the plea was accepted by the court.

In October 2013, Holmes was administered the Shipley Institute of Living Scale-2 (SILS-2) to measure his cognitive ability.[1] The test indicated Holmes has an overall cognitive ability "in the Low range."

Holmes filed a notice of appeal on November 4, 2013. On appeal, he contends his case should be remanded for a conflict-of-interest hearing. Holmes argues the district court had a duty to inquire into a conflict of interest because the public defender's office gave notice of prior representation of the victim's mother. Further, Holmes contends his documented difficulty with reading and writing precludes his ability to waive a conflict of interest.

## II. Standard of Review.

In *Pippins v. State*, the supreme court explained our standard of review for allegations of conflict of interest implicating the right to counsel:

> A determination of whether a conflict exists is a mixed question of law and fact. Because this is a claim of a Sixth Amendment violation, our review is de novo. Whether the facts show an actual conflict of interest or a serious potential for conflict is a matter for trial court discretion, and we find an abuse of that discretion only when a party claiming it shows "the discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable."

661 N.W.2d 544, 548 (Iowa 2003) (citations omitted). "A ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *Graber v. City of Ankeny*, 616 N.W.2d 633, 638 (Iowa 2000).

---

[1] The SILS-2 measures aspects of cognitive ability to provide an estimate of overall cognitive ability. The test measures knowledge gained as a result of education and experience, as well as the ability to use logic.

**III. Merits.**

Holmes contends the district court had a duty to inquire into a conflict of interest and his "Consent to Representation" is invalid because his documented difficulty with reading and writing precludes a knowing, voluntary, and intelligent waiver.

The State contends Holmes waived these claims because they were not intrinsic to his guilty plea. Following a valid guilty plea pursuant to Iowa Rule of Criminal Procedure 2.8(2)(b), only those defenses and objections that are fundamental to the plea itself remain available to the defendant. *State v. LaRue*, 619 N.W.2d 395, 398 (Iowa 2000). With certain exceptions (none of which apply here), all other challenges are waived. *See id.*

Once a defendant has waived his right to a trial by pleading guilty, the State is entitled to expect finality in the conviction. This expectation is based on the fact that a guilty plea implicitly eliminates any question of the defendant's guilt. "Accordingly, any constitutional challenge that would undermine the defendant's *conviction*, with certain exceptions not relevant here, is waived." *State v. Mann*, 602 N.W.2d 785, 789 (Iowa 1999).

While a defendant may attack the voluntary and intelligent character of his plea by showing that the plea was the result of ineffective assistance of counsel, *State v. Carroll*, 767 N.W.2d 638, 642 (Iowa 2009), Holmes has not done so. Although he suggests his consent to continued representation was not intelligent and voluntary, Holmes has not suggested how the claimed conflict affected the knowing and intelligent nature of his decision to plead guilty. Consequently, Holmes's conflict claim did not survive his guilty plea. *Castro v. State*, 795

N.W.2d 789, 792-93 (Iowa 2011); *LaRue*, 619 N.W.2d at 397-98 (finding a claim of conflict of interest created where counsel withdrew from defendant's case and then was appointed to represent his co-defendant did not survive defendant's guilty plea).

We affirm.

**AFFIRMED.**