# IN THE COURT OF APPEALS OF IOWA

No. 14-1564
Filed September 10, 2015

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**VALERIE ANN GIDDINGS,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Stuart P. Werling (plea) and John D. Telleen (sentence), Judges.

Defendant appeals from the judgment and sentence imposed following her guilty plea to operating while intoxicated, third offense. **AFFIRMED.**

Lauren M. Phelps, Davenport, for appellant.

Thomas J. Miller, Attorney General, Heather R. Quick, Assistant Attorney General, Michael J. Walton, County Attorney and Dion Trowers and Melisa Zaehringer, Assistant County Attorneys, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

Valerie Giddings appeals from the judgment and sentence imposed following her guilty plea to operating while intoxicated, ("OWI") third offense, in violation of Iowa Code section 321J.2(1) and .2(2)(c) (2013). She contends the district court considered an improper factor in imposing sentence. She also contends her attorney rendered constitutionally-ineffective assistance in several respects.

I.

Giddings was driving her car and started turning through an intersection when a motorcycle approached at what one witness described as "a ridiculously high rate of speed." The motorcycle struck Giddings's car on the driver's side, catapulting the cyclist and the motorcycle over Giddings's car and spinning her car about ninety degrees. The motorcyclist died at the scene. When police arrived at the scene, Giddings and her passenger stated the passenger had been driving the vehicle. Giddings ultimately admitted she was the driver.

Giddings was taken to the hospital for treatment. An officer questioned Giddings at the hospital while she was receiving treatment in the emergency room. Giddings denied drinking, but she admitted to taking two of her mother's Xanax tablets earlier in the evening. She also admitted to smoking marijuana two days before. Based on these statements, after giving Giddings the implied consent advisory, the officer obtained a urine sample. The officer also asked the hospital staff to preserve any blood drawn. The urine tested positive for marijuana, alprazolam (Xanax), amphetamines, and hydrocodone (an opiate).

The State charged Giddings with OWI, third offense, in violation of Iowa Code section 321J.2(2)(c), and driving while barred, as a habitual offender, in violation of sections 321.555(1) and .561. Following negotiations, Giddings pleaded guilty to the OWI charge. The driving-while-barred charge was dismissed at sentencing. The plea agreement provided the State would recommend five years' incarceration, a fine of $3125 plus costs and surcharge, and suspension of Giddings's driver's license for six years.

At sentencing the court stated:

> I note from reviewing your pre-sentence investigation report just the prior criminal history, simply looking at the matters for which, of course as I do, for which you pled guilty or were found guilty. I mean it's replete with crimes. Not only do we have two prior OWI's but we have disorderly conduct, assault causing bodily injury, assault on police officers, disorderly conduct by fighting or violent behavior, some controlled substances offenses such as marijuana. Many of those while you were certainly old enough to know better and now we are here today on this matter. There was a death involved in this accident. I accept your statements here today that you accept responsibility and apologize for your behavior but in any event I've determined under your case that incarceration is appropriate and for those reasons I just stated I think the sentence would involve—serve the interest of deterrence both general and specific as well.

The court imposed a prison sentence not to exceed five years, ordered Giddings to pay a fine of $3125 plus costs including attorney fees and surcharges, and ordered the department of transportation to suspend her driving privileges for six years. Giddings timely filed this appeal.

II.

Giddings contends the district court considered an improper factor in imposing sentence; specifically, the fact a death occurred in the accident, even

though she was not charged with vehicular homicide and the OWI offense appears not to be a cause of the death. Generally, we review a district court's sentencing decision for an abuse of discretion or for a defect in sentencing procedure. *See State v. Gonzalez*, 582 N.W.2d 515, 516 (Iowa 1998). A claim that a court impermissibly considered uncharged and unproven crimes implicates a defect in sentencing procedure rather than a court's exercise of discretion. *State v. Mateer*, 383 N.W.2d 533, 537 (Iowa 1986). The district court may not consider unproven or unprosecuted offenses when sentencing a defendant unless (1) the facts before the court demonstrate the defendant committed the offense or (2) the defendant admits committing the offense. *See Gonzalez*, 582 N.W.2d at 516. Where improper factors are considered, a sentence must be vacated and the case remanded for resentencing. *See State v. Sinclair*, 582 N.W.2d 762, 765 (Iowa 1982). A sentence "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Washington*, 832 N.W.2d 650, 660 (Iowa 2013). "To overcome the presumption, [courts] have required an affirmative showing the sentencing court relied on improper evidence." *Id.*

We conclude the district court did not rely on inappropriate factors in imposing sentence. In a materially similar case, the defendant pleaded guilty to reckless driving. *See State v. Wilson*, No. 99-886, 2000 WL 70292, at *2 (Iowa Ct. App. May 31, 2000). The sentencing court noted during the sentencing hearing that a passenger had died during the accident giving rise to the charge even though the defendant had not been charged with vehicular homicide. *See*

*id.* at *2. This court rejected the argument the sentencing court had considered an improper factor by merely noting the death. *See id.* Instead, the death was an attendant circumstance. *See id.* We noted the sentencing court focused on other elements at sentencing, e.g., the defendant's recklessness, the deterrent effect of a prison term, and the defendant's criminal history. *See id.* Similarly, in this case, the sentencing court focused on the defendant's significant criminal history and the deterrent effect—both general and specific—of incarceration. While the district court noted the death of the motorcyclist, it does not appear the district court relied on that fact as a reason for imposition of the sentence. Nor is there any indication the district court concluded that Giddings was at fault for or caused the death. As in *Wilson*, we conclude Giddings has not overcome the presumption in favor of the sentence by affirmatively demonstrating the court relied on improper evidence. *See also Washington*, 832 N.W.2d at 660; *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) (stating court may look to attending circumstances); *State v. Sailer*, 587 N.W.2d 756, 763-64 (Iowa 1998) (affirming sentence where the defendant did not establish "any reliance on improper factors which would overcome the presumption that the district court properly exercised its discretion"); *State v. Dains*, No. 00-0620, 2001 WL 1451125, at *2 (Iowa Ct. App. Nov. 16, 2001) (noting "in determining an appropriate sentence a court may look to the facts and circumstances surrounding the crime").

III.

Giddings also asserts her counsel provided inadequate representation in two respects: first, by failing to file a motion to suppress the sample obtained

without probable cause and inculpatory statements obtained without *Miranda* warnings; second, by advising her to plead guilty. She also hints that her statements made at the hospital were involuntary. Constitutional challenges to an attorney's performance are reviewed de novo. *State v. Ambrose*, 861 N.W.2d 550, 555 (Iowa 2015). In an ineffective-assistance claim arising out of a guilty plea, the defendant must prove that had counsel not breached an essential duty, the defendant would have declined to plead guilty and insisted on going to trial. *See State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006).

The entry of a guilty plea and its acceptance is a final adjudication of a defendant's guilt. *See State v. LaRue*, 619 N.W.2d 395, 397 (Iowa 2000). By pleading guilty, a defendant waives any constitutional challenge that would undermine the conviction, with certain exceptions, one of which is a claim counsel's ineffective assistance calls into question the voluntariness of the plea. *See id.* While a guilty plea waives all defenses and objections not intrinsic to a plea, our supreme court has permitted a defendant to "challenge the validity of [the] guilty plea by proving the advice he received from counsel in connection with the plea was not within the range of competence demanded of attorneys in criminal cases." *See State v. Carroll*, 767 N.W.2d 638, 642 (Iowa 2009).

Filing a claim for ineffective assistance of counsel on direct appeal is unnecessary to protect the defendant's right to seek relief. *See* Iowa Code § 814.7 ("The claim need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes."). A party "may, but is not required to, raise an ineffective assistance claim on direct

appeal . . . if the party has reasonable grounds to believe that the record is adequate to address the claim on direct appeal." *Id.* § 814.7(2). However, "[p]resenting an underdeveloped claim on direct appeal not only wastes the party's resources and judicial resources, it poses a litigation risk to the defendant, who may receive an adverse judgment on a potentially meritorious claim due to the presentation of a claim on an underdeveloped record." *See State v. Eaton*, No. 14-0789, 2014 WL 7367008, at *1 n.1 (Iowa Ct. App. Dec. 24, 2014). We conclude, as Giddings suggests, the record here is inadequate for us to address Giddings's challenges to her attorney's performance. We preserve her ineffective-assistance claims for possible postconviction-relief proceedings.

IV.

For the foregoing reasons, we affirm the sentence imposed and preserve Giddings's ineffective-assistance claims for possible postconviction-relief proceedings.

**AFFIRMED.**