# IN THE COURT OF APPEALS OF IOWA

No. 15-0250
Filed April 6, 2016

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**MARK DOUGLAS MORGAN,**
     Defendant-Appellant.

_____

Appeal from the Iowa District Court for Dubuque County, Lawrence H. Fautsch, Judge.

Mark Morgan appeals from the summary dismissal of his application for postconviction relief. **AFFIRMED.**

Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Kelli Huser, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., Potterfield, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, Senior Judge.**

Mark Morgan appeals from the summary dismissal of his third application for postconviction relief (PCR), contending the claims he raised in his 2002 postconviction action were not fairly adjudicated. Upon our review, we affirm the court's order denying Morgan's application for PCR.

## I.    *Background Facts and Proceedings*

This appeal comes with a lengthy procedural history. In 2000, pursuant to a plea and sentencing agreement, Morgan pled guilty to eleven criminal charges, including charges of lascivious acts with a child, sexual exploitation of a minor, indecent exposure, lascivious conduct, and harassment. Morgan subsequently filed a motion in arrest of judgment, which the district court denied. The court entered judgments of conviction and sentenced Morgan to consecutive sentences totaling fifty years' imprisonment. Morgan appealed, and this court affirmed his convictions and sentences. *See State v. Morgan*, No. 01-0584, 2002 WL 1585661, at *1-3 (Iowa Ct. App. July 19, 2002). Procedendo issued on September 26, 2002.

The next day, Morgan filed his first application for PCR. His attorney filed a report detailing Morgan's claims and recommending summary disposition of the application. Morgan then filed a pro se supplemental brief to his application. Following a hearing, the district court dismissed Morgan's application. Morgan appealed; in 2004, the Iowa Supreme Court entered an order dismissing his appeal as untimely.

Morgan next filed a petition for writ of habeas corpus. A federal district court dismissed his petition without prejudice, concluding Morgan had failed to

exhaust the remedies available in state court before seeking habeas corpus relief. *See Morgan v. Craig*, No. C09-1042-LRR, 2010 WL 2867828 (N.D. Iowa July 20, 2010) (citing *Morgan v. State*, No. 2:04-cv-01017-LRR (N.D. Iowa July 6, 2004)).

Morgan filed his second PCR application in 2004. The district court summarily dismissed the application, finding it had already dismissed Morgan's first PCR application, which had raised "the same grounds." Morgan appealed. In its ruling on appeal, this court observed "all but one of the grounds raised in [Morgan's] application have either previously been raised or were available at the time he filed a previous application for postconviction relief and are thus barred by Iowa Code section 822.8 (2003)." *Morgan v. State*, No. 04-1559, 2006 WL 1628133, at *1 (Iowa Ct. App. June 14, 2006). However, the court concluded Morgan had not previously been heard on his claim of "newly discovered evidence," so it reversed and remanded for further review on that claim. *Id.* at *2. On remand, the district court addressed the merits of Morgan's newly-discovered-evidence claim and denied him relief. Morgan appealed; the Iowa Supreme Court dismissed his appeal as frivolous.

In 2009, Morgan filed a second application for a writ of habeas corpus, which a federal district court dismissed as untimely because it was not filed within the one-year statute of limitation for habeas corpus actions and Morgan presented "no extraordinary circumstances justifying the application of equitable tolling." *Morgan*, 2010 WL 2867828.

In 2011, Morgan filed the PCR application that is the subject of this appeal. The State moved for summary disposition of the application on the

following grounds: (1) it raised allegations that had already been "determined by the court," (2) it was "completely beyond the statute of limitations," and (3) it failed to "provide any new information that was not known or could not have been known at the time of the trial." Citing Iowa Code sections 822.3 and 822.8 (2011), the district court summarily denied Morgan's application. The court stated:

> Morgan admits that his claims have been asserted previously; he simply believes his claims have not been fairly adjudicated. This is Morgan's third postconviction proceeding. He previously had a trial on January 10, 2008. He was represented by counsel at that time. The district court made a decision, and Morgan appealed that decision. His appeal was dismissed as frivolous. His claims fall outside the statute of limitations by more than six years, and he has failed to assert any fact or law which could not have been raised within the three-year time period. As such, his claims must fail.

Morgan appeals.[1]

## II.    *Standard of Review*

We review postconviction proceedings for errors at law. *See Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012). This includes summary dismissals of applications for postconviction relief. *See Manning v. State*, 654 N.W.2d 555, 560 (Iowa 2002). However, we conduct a de novo review of applications for postconviction relief raising constitutional infirmities, including claims of ineffective assistance of counsel. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). "In determining whether summary judgment is warranted, the moving party has the burden of proving the material facts are undisputed. We examine the facts in the light most favorable to the nonmoving party." *Id.*

---

[1] Morgan filed a pro se supplemental brief on January 25, 2016. Any pro se reply brief was due January 4, 2016, and no extension was requested. *See* Iowa R. App. P. 6.901(2). Accordingly, we do not consider Morgan's untimely pro se brief.

### III.    Discussion

Summary disposition of a PCR application is authorized "when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Iowa Code § 822.6. Disposition under this provision is similar to the summary judgment procedure set forth in Iowa Rule of Civil Procedure 1.981(3). *See Manning*, 654 N.W.2d at 559-60.

Morgan contends the claims raised in his 2002 PCR application were not fairly adjudicated. According to Morgan, the challenges he has previously raised include: "coercion to plead guilty by trial counsel," "conflict of interest [with] trial counsel," "conspiracy to deceive between trial counsel, prosecution, and court-appointed psychiatrist," "illegally court-ordered medications," "malicious prosecution," and "obstruction of justice by the State," as well as fifteen specific pretrial-related claims of ineffective assistance of trial counsel.

On direct appeal, Morgan raised at least twenty-one claims of ineffective assistance of trial counsel. *Morgan*, 2002 WL 1585661, at *3. Many—if not all—of those claims overlap Morgan's claims from his 2002 PCR application that he re-raises here. On direct appeal, this court concluded Morgan had "waived a number of his ineffectiveness claims when he elected to plead guilty." *Id.* As this court observed, "Following a valid guilty plea only those challenges that are fundamental to the plea itself still remain available to the defendant." *Id.* at *2 (citing *State v. Larue*, 619 N.W.2d 395, 398 (Iowa 2000)).

Morgan also challenges the validity of his guilty plea. This is not the first time he has done so. Indeed, Morgan's trial counsel filed a motion in arrest of judgment in which Morgan sought to withdraw his guilty plea. In the motion, among other claims, Morgan alleged his plea was not knowing and voluntary because he was suffering from lack of sleep, he was not taking medication for his psoriasis, and he felt hopeless.[2] The district court meticulously addressed Morgan's claims and concluded, "These factors are not enough to establish that [Morgan's] guilty plea was not voluntary, knowing and intelligent. The defendant was forced to make a decision but which option he exercised was his own free choice made with full knowledge of relevant facts." Morgan did not challenge the validity of his plea on direct appeal. Insofar as Morgan re-raises this claim in this appeal, and even assuming it was properly before us, we reject it for the reasons stated by the district court in 2001.

In this vein, as this court determined in 2002, the bulk of Morgan's claims of ineffective assistance of trial counsel were waived by his valid guilty plea. With regard to Morgan's other claims, this court stated in the direct appeal, "Morgan fails to satisfy the prejudice prong of the ineffectiveness test when considering it in a context of a guilty plea. In other words, we conclude Morgan failed to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Morgan*, 2002 WL 1585661, at *3 (citing *Hill v. Lockhart,* 474 U.S. 52, 59 (1985)). This court also concluded Morgan's challenges to judicial bias, psychotropic

---

[2] Now Morgan claims he "was suffering from depression and sleep deprivation" at the time of his plea and was "uncomfortable with the plea," which rendered his plea involuntary.

drugs he had been taking, and a psychiatric evaluation were "too general in nature to address or be preserved for a possible postconviction proceeding."[3] *Id.*

Morgan filed two PCR applications within three years of September 26, 2002, the date procedendo was issued after his direct appeal. *See* Iowa Code § 822.3 (setting forth the general statute of limitation for postconviction relief applications). The second application, filed in 2004, was remanded by this court on appeal to allow Morgan to be heard on his claim of "newly discovered evidence,"—the only claim Morgan had not previously raised. On remand, the district court addressed the merits of that claim and denied Morgan relief. Morgan appealed, and the Iowa Supreme Court dismissed his appeal as frivolous.

Morgan claims the Iowa Supreme Court's decision in *Gamble v. State*, 723 N.W.2d 443 (Iowa 2006), circumvents the statute of limitations for his PCR claims. In *Gamble*, 723 N.W.2d at 445-46, the court called into question the practice of appointed counsel providing the district court with an evaluation of their client's case. Morgan's reliance on *Gamble* is unpersuasive for several reasons. First, *Gamble* is not a new ground of law to toll a PCR claim because the court in *Gamble* did not "expressly overrule[] the prior law." *See* Iowa Code § 822.3 (providing the three-year statute of limitations for the filing of PCR applications "does not apply to a ground of fact or law that could not have been raised within the applicable time period"); *Nguyen v. State*, 829 N.W.2d 183, 188 (Iowa 2013) ("[A] ground of law that had been *clearly and repeatedly rejected by controlling precedent from the court with final decision-making authority* is one

---

[3] Morgan raises variations of these claims in the instant appeal.

that 'could not have been raised' as that phrase is used in section 822.3." (emphasis added)); *Gamble*, 723 N.W.2d at 446 ("Despite the requirement of section 822.7 that the district court make specific findings of fact and conclusions of law as to each issue, we have said that substantial compliance is sufficient."). Second, Morgan failed to bring his *Gamble*-tolling claim within three years after the court issued the *Gamble* decision. *See, e.g.*, *Nguyen*, 829 N.W.2d at 186 (noting the applicant filed his PCR application "more than three years after procedendo had issued on his original direct appeal, but *less than three years* after *Heemstra*," which provided the new ground of law he relied on to toll his claim (emphasis added)).

In any event, as we have stated, Morgan's underlying claims were brought within the three-year time period following September 26, 2002, and have since been rejected. "Our rules of summary judgment do not permit the nonmovant [Morgan] to rest on conclusory allegations in the pleadings in the face of a properly supported motion for summary judgment." *See Castro*, 795 N.W.2d at 795.

We affirm the district court's ruling dismissing Morgan's application for postconviction relief.

**AFFIRMED.**