# IN THE COURT OF APPEALS OF IOWA

No. 16-0083
Filed September 14, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RICO T. McNEAL,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Joel W. Barrows,

Judge.


        Rico McNeal appeals following judgment and sentence entered upon his

guilty pleas.  **AFFIRMED.**



        Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant

Attorney General, for appellee.



        Considered by Danilson, C.J., and Mullins and Bower, JJ.

**DANILSON, Chief Judge.**

Rico McNeal appeals following judgment and sentence entered upon his guilty pleas to possession with intent to deliver crack cocaine, in violation of Iowa Code section 124.401(1)(c)(3) (2015), and possession of marijuana, third or subsequent offense, in violation of sections 124.401(5) and 124.204(4)(m). We preserve his claim of ineffective assistance of counsel and affirm the convictions.

After the district court denied the defendant's motion to suppress, the parties negotiated a plea deal. McNeal agreed to plead guilty on two counts, and in exchange, the State agreed to dismiss a third and waived sentencing enhancements under Iowa Code sections 124.411 and 902.9. The district court accepted that plea agreement and the guilty pleas. The defendant was advised of his right to file a motion in arrest of judgment and did not file one.

McNeal is aware his pleas of guilty waived his defenses or objections not intrinsic to the plea. *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009) ("It is well established that a defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea."). He anticipates the State's waiver argument as to the propriety of the district court's rejection of his motion to suppress but contends that if the claim was waived, it is due to ineffective assistance of counsel.[1] The usual course is to preserve claims of ineffective assistance of counsel for postconviction-relief proceedings. *State v. Clay*, 824 N.W.2d 488,

---

[1] *See Castro v. State*, 795 N.W.2d 789, 793 (Iowa 2011) ("[T]he distinction between ineffective-assistance-of-counsel claims that do not survive a guilty plea as illustrated in *Speed* [*v. State*, 616 N.W.2d 158 (Iowa 2000),] and those that do survive is the existence of a showing that the pre-plea ineffective assistance of counsel rendered the plea involuntary or unintelligent.").

494 (Iowa 2012). We resolve ineffectiveness claims on direct appeal only when the record is adequate. *Id.*

A defendant may challenge the validity of their guilty pleas by proving the advice they received from counsel in connection with the plea was not within the range of competence demanded of criminal defense attorneys. *Carroll*, 767 N.W.2d at 642. McNeal contends trial counsel was ineffective in failing to inform him that pleading guilty "may have consequences in the context of any appeal." We do not address this assertion because this record is devoid of evidence about what pre-plea advice McNeal's counsel did or did not give him. *See State v. Avery*, No. 14-0052, 2014 WL 5249196, at *2 (Iowa Ct. App. Oct. 15, 2014) (affirming convictions and preserving ineffective-assistance claims for possible postconviction relief because there was no record concerning "discussions trial counsel may have had with Avery concerning plea negotiations or the viability of filing a motion to suppress and possibly foregoing a favorable plea deal" on appeal).

We affirm the conviction and preserve McNeal's claims of ineffective assistance of counsel for possible postconviction-relief proceedings.

**AFFIRMED.**