# IN THE COURT OF APPEALS OF IOWA

No. 14-1856
Filed November 23, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**WALTER BAYLOR,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark D. Cleve,

Judge.


A defendant appeals challenging his guilty plea and his sentence.

**AFFIRMED.**


Eric D. Tindal of Nidey Erdahl Tindal & Fisher, PLC, Williamsburg, for

appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.


Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

Walter Baylor appeals following his guilty plea to possession of marijuana with intent to deliver, enhanced as a habitual offender. He claims his constitutional rights were violated when the court did not inquire and appoint new counsel during his sentencing hearing when he "vaguely complain[ed] of a breakdown in communication" with counsel. He further claims the court abused its discretion in not granting his motion in arrest of judgment because there was a lack of communication between him and his attorney about the facts of the case and the available defenses. Finally, he claims the court abused its discretion at sentencing by failing to set forth sufficient reasons for imposing incarceration.

**I. Substitute Counsel.**

Following the entry of Baylor's guilty plea, defense counsel filed a motion in arrest of judgment asking that Baylor be allowed to withdraw his guilty plea because Baylor "was not informed of the effects of his guilty plea upon pending criminal prosecution in the State of Illinois." During the hearing on the motion in arrest of judgment, defense counsel informed the court, "Mr. Baylor has also indicated dissatisfaction with my handling of his case prior to the entry of the guilty plea. Those matters contribute to his motion for arrest of judgment and his request to withdraw the guilty plea." Baylor informed the court that he had asked counsel to take depositions and file a motion to suppress the evidence, which the attorney had not done, and that was the reason he wanted to take his plea back. The court denied the motion, concluding Baylor had "not articulated or urged any grounds based on ineffective assistance of counsel . . . that would warrant granting the motion in arrest of judgment." Baylor then asked, "Does that mean I

can't fire my lawyer or nothing like that?" The court advised that it was going to proceed with sentencing.

After hearing the recommended sentence from the State, defense counsel again informed the court of Baylor's dissatisfaction with her representation and stated Baylor was requesting another attorney for sentencing.[1] The court then heard again from Baylor regarding his complaints with his attorney's representation and his perception of the prosecutor's hostility towards him. The court noted Baylor was attempting to reargue the motion in arrest of judgment and such a request was again denied. The court then noted defense counsel was capable and in a position to properly represent Baylor at sentencing, so the request for a continuance and for the appointment of new counsel for sentencing was denied.

Once a defendant requests substitute counsel on account of an alleged breakdown in communication, the court has "a duty of inquiry." *State v. Tejeda*, 667 N.W.2d 744, 750 (Iowa 2004). "[W]hen, for the first time, an accused makes known to the court in some way that he has a complaint about his counsel, the court must rule on the matter." *United States v. Seale*, 461 F.2d 345, 359 (7th Cir. 1972) (alteration in original) (citation omitted). Our review of the court's denial of a motion for substitute counsel is for an abuse of discretion. *State v. Lopez*, 633 N.W.2d 774, 778 (Iowa 2001).

The court heard from both defense counsel and from Baylor regarding his dissatisfaction with how defense counsel was representing him in the case. The

---

[1] We reject the State's assertion that Baylor did not preserve error or waived this issue for appellate review.

court also heard from the prosecutor who noted Baylor had a history of seeking new counsel as a delay tactic. The prosecutor informed the court:

> Basically what is happening here is the defendant, who has had a history of doing this, is wanting to, you know, turn back everything and say we're going to start over and make allegations against his attorney. I have handled many cases with Mr. Baylor, and we have gone round and round and round the bend with Mr. Baylor every time it has come to trying to resolve his cases. Whether it be the setting of trial, and then all of a sudden he needs the trial continued because he's not happy with his attorney, or failing to appear for various matters, and he's off in another jurisdiction and he gets arrested for various offenses.

A defendant must show "sufficient cause" to justify the appointment of substitute counsel, and "the court must balance 'the defendant's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice.'" *Lopez*, 633 N.W.2d at 779 (citations omitted). "The court should not permit a defendant to manipulate the right to counsel to delay or disrupt the trial. Additionally, the court should not allow 'last-minute requests to substitute counsel . . . to become a tactic for delay.'" *Id.* (citations omitted). We find the court did not abuse its discretion when faced with Baylor's last-minute expression of dissatisfaction with appointed counsel at the sentencing hearing.

## II. Motion in Arrest of Judgment.

Next, Baylor claims the court abused its discretion in denying his motion in arrest of judgment because there was a lack of communication between himself and defense counsel about the facts of the crime and the available defenses. He thus claims his plea was not knowing and voluntary. We note the written motion in arrest of judgment asserted only that Baylor sought to withdraw his guilty plea because he was not informed of the effects the guilty plea would have on

charges pending in Illinois. The district court rejected this claim finding the effect the Iowa guilty plea would have on the Illinois proceeding was a collateral consequence. *See State v. Hallock*, 765 N.W.2d 598, 605 (Iowa Ct. App. 2009) ("The court does not have a duty, however, to inform a defendant of all indirect and collateral consequences of a guilty plea.").

During the hearing on the motion in arrest of judgment, Baylor raised for the first time his dissatisfaction with counsel for failing to file a motion to suppress or conduct depositions. He claimed on multiple occasions he was innocent, he felt rushed into pleading guilty, he wanted to face his accusers, and the prosecutor was "viciously prosecuting me." Assuming without deciding these new claims were timely, *see* Iowa R. Crim. P. 2.24(3) (requiring motions in arrest of judgment be filed "not later than five days before the date set for pronouncing judgment"), these statements were in direct contravention to Baylor's statements at the plea hearing.[2] After allowing Baylor to speak multiple times throughout the hearing, the court denied Baylor's motion finding no asserted grounds "warrant granting the motion in arrest of judgment."

We review the district court's denial of a motion in arrest of judgment for abuse of discretion. *State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008). "The entry of a guilty plea and the subsequent acceptance of it by the court is meant to be a final adjudication of the defendant's guilt. 'Once a defendant has waived his

---

[2] At the guilty plea proceeding, Baylor confirmed he understood the penalty for the crime to which he was pleading guilty, confirmed he understood the constitutional trial rights he was giving up such as the right to face his accusers at trial and the right to have his attorney depose the State's witnesses, stated he was satisfied with his counsel and the advice she had given him, confirmed no one had threatened or coerced him to plead guilty, and provided a factual basis for the conviction by stating, "I was in possession of marijuana with intent to sell it."

right to a trial by pleading guilty, the State is entitled to expect finality in the conviction.'" *State v. LaRue*, 619 N.W.2d 395, 397 (Iowa 2000) (citation omitted). If a defendant wishes to challenge the adequacy of the guilty plea proceeding on appeal, a motion in arrest of judgment must be filed. Iowa R. Crim. P. 2.24(3)(a). A motion in arrest of judgment should be granted "when upon the whole record no legal judgment can be pronounced." *Id.*

Iowa Rule of Criminal Procedure 2.8(2)(b) requires the court to determine the guilty plea is voluntarily and intelligently made, and to ensure the defendant understands the nature of the charge, the applicable penalties, and his constitutional trial rights. There is no question the requirements of rule 2.8(2)(b) were satisfied at Baylor's guilty plea hearing, and Baylor does not challenge the adequacy of the guilty plea proceeding on appeal. *See State v. Antenucci*, 608 N.W.2d 19, 19 (Iowa 2000) ("[A] guilty plea taken in conformity with Iowa Rule of Criminal Procedure [2.]8(2)(b) waives all defenses and objections."). Instead, it appears Baylor simply regrets his choice to plead guilty and, in an effort to overturn the guilty plea, challenges the effectiveness of his counsel's actions, saying counsel should have taken certain steps to defend him prior to the entry of his guilty plea. We find no abuse of the district court's discretion in denying his motion in arrest of judgment in light of the fact the guilty plea proceeding complied with the requirements of rule 2.8(2)(b). To the extent Baylor claims his counsel's inadequate representation before the guilty plea had an impact on his decision to plead guilty, such a claim of ineffective assistance of counsel is preserved for possible postconviction-relief proceedings as the record and briefing on direct appeal are inadequate to address the claim. *See State v.*

*Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (noting we must preserved ineffective-assistance claims asserted on direct appeal when the record is inadequate to address the claim).

**III. Sentencing.**

Lastly, Baylor claims the court abused its discretion at sentencing by imposing incarceration without recognizing the numerous factors that go into sentencing. Iowa Rule of Criminal Procedure 2.23(3)(d) requires the court to "state on the record its reasons for selecting the particular sentence." Providing reasons on the record for the sentence imposed ensures defendants are aware of the consequences of their criminal actions and provides appellate courts an opportunity to review the district court's exercise of discretion. *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014).

In this case, the district court's concurrence in the plea agreement was a condition of the agreement. *See* Iowa R. Crim. P. 2.10(2), (3). The district court deferred its decision to accept or reject the plea agreement until its receipt of a presentence report. At the sentencing hearing, the court sentenced Baylor "pursuant to [his] previous plea of guilty." "[W]here the State and the defendant have approved a plea agreement and the sentencing court incorporates the plea agreement in the sentence, 'the sentence was not the product of the exercise of the trial court's discretion but of the process of giving effect to the parties' agreement.'" *State v. Cason*, 532 N.W.2d 755, 756 (Iowa 1995) (citation omitted). In such a case, "stating reasons for imposition of sentence would serve no useful purpose, and any failure to abide by the terms of rule [2.23(3)(d)] was harmless." *Id. But see Thompson*, 856 N.W.2d at 919 ("We have also held

when discretion is not at issue, the district court should state the fact that it lacks discretion for the sentence imposed on the record."). The terms of the plea agreement are in the record for our review, and the court followed the terms of the plea agreement. *See State v. Thacker*, 862 N.W.2d 402, 410 (Iowa 2015) (reversing and remanding the case for resentencing where the terms of the plea agreement were not provided in the record so that the supreme court did not know whether the district court was exercising its sentencing discretion or simply giving effect to the parties' plea agreement). Any failure to state on the record the reasons for imposing the sentence was harmless because it is apparent the district court was simply giving effect to the parties' plea agreement. We therefore find no abuse of discretion.

We affirm Baylor's conviction and sentence and preserve his claim of ineffective assistance of counsel.

**AFFIRMED.**