# IN THE COURT OF APPEALS OF IOWA

No. 17-1932
Filed October 24, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SAVANNAH DAWN HAMMER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Odell G. McGhee II,

District Associate Judge.


        A defendant appeals her convictions and sentences for two counts of third-

degree theft.  **AFFIRMED.**



        Joanne Cook of Cook Law Firm, PLLC, Urbandale, for appellant.

        Thomas J. Miller, Attorney General, and Kevin R. Cmelik, Israel J. Kodiaga,

and Kelli Huser (until withdrawal), Assistant Attorneys General, for appellee.



        Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

Savannah Hammer appeals her convictions and sentences for two counts of third-degree theft in violation of Iowa Code section 714.2(3) (2017).  Hammer argues her trial counsel was ineffective for allowing her to plead guilty to a charge for which there was no factual basis and for failing to investigate.  In the alternative, Hammer argues her claims should be preserved for postconviction relief.

**I. Background Facts and Proceedings.**

Hammer was charged by trial information of taking merchandise from a discount department store on February 23 and February 26, 2017.  The minutes of testimony reveal that on February 23, an employee witnessed a suspect place items into her purse and walk out of the store without paying.  The suspect left in a black Ford Focus with temporary paper plates from Area Auto Sales and heavy damage to the front of the car.  The suspect was described as a white female with brown hair between the ages of thirty and forty.

On February 26, an employee witnessed a suspect place shirts into a bag and leave without paying.  The suspect left in a black Ford Focus with temporary paper plates from Area Auto Sales.  The suspect was described as a white female with red hair, in her twenties, five feet and five inches tall, and weighing one hundred and thirty pounds.  The employee described the suspect from the February 26 theft as the same suspect from February 23.

A sales employee for Area Auto Sales identified Hammer as the purchaser of the vehicle from a photo taken of the suspect and the vehicle during the theft.  Records confirmed Hammer was the purchaser of the vehicle.  The vehicle

described was parked in front of Hammer's home when she was arrested. Hammer was charged and pled guilty to stealing from the store on both occasions.

Hammer appeals.

## II. Standard of Review.

Ineffective assistance of counsel claims are reviewed de novo. *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). Ineffective-assistance claims are normally preserved for postconviction relief actions, but we will address them on direct appeal when the record is sufficient to permit a ruling. *Id.*

## III. Discussion.

Hammer argues her trial counsel was ineffective for failing to raise a sufficiency of the evidence claim, which we treat as a challenge to the factual basis for the guilty plea, and for failing to investigate. "We will address on direct appeal claims of ineffective assistance of counsel only if we determine the development of an additional factual record would not be helpful and these elements can be decided as a matter of law." *State v. Carroll,* 767 N.W.2d 638, 641 (Iowa 2009). "Ineffective-assistance claims require a showing by a preponderance of the evidence both that counsel failed an essential duty and that the failure resulted in prejudice." *State v. Coleman*, 907 N.W.2d 124, 141 (Iowa 2018) (citation omitted).

First, Hammer argues the evidence is insufficient to support her conviction. Because Hammer pled guilty, she cannot challenge on appeal the strength of the State's case. *State v. LaRue*, 619 N.W.2d 395, 398 (Iowa 2000). Hammer's guilty plea waived all defenses except those intrinsic to the plea itself. *Id.* "Generally, ineffective assistance of counsel claims fall within this caterogy." *Id.* While Hammer does not explicitly argue there is not a factual basis to support her guilty

plea, we interpret her argument as a challenge to her plea's factual basis. Prejudice is presumed where there is a lack of a factual basis. *See State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999).

"In deciding whether a factual basis exists, we consider the entire record before the district court at the guilty plea hearing, including any statements made by the defendant, facts related by the prosecutor, the minutes of testimony, and the presentence report." *Id.* Here, an adequate factual basis exists to support Hammer's guilty plea. Hammer pled guilty to third degree theft: "theft of any property not exceeding five hundred dollars in value by one who has before been twice convicted of theft." Iowa Code § 714.2(3).

Hammer notes she is accused of two thefts occurring three days apart but the suspect in each action is described differently. She argues the differences in the descriptors mean she could not have possibly committed the crimes. The descriptors of Hammer do not vary to such an extreme degree as to cast doubt on her identification.

Hammer does not contest she has been convicted of theft twice. Hammer admitted to stealing from the store on February 23 and February 26 in her guilty plea. Video surveillance exists of Hammer committing theft on both days; a police officer positively identified Hammer as the suspect in the surveillance video. The suspect in both thefts left in the same car—the car that was found outside Hammer's house during her arrest. The person who sold that vehicle to Hammer

also recognized her from a photograph taken during the theft. We conclude there is a factual basis for the district court to have accepted Hammer's guilty plea.[1]

Next, Hammer argues her trial counsel was ineffective for failing to investigate. She claims her trial counsel must have failed to investigate because competent counsel would have discovered the physical descriptors in each police report are different. Hammer also argues her trial counsel failed to investigate her mental-health history, possible affirmative defenses, and mitigating sentencing factors. Hammer does not specify what her counsel would have found had he investigated her mental health or mitigating factors or how that would have prevented her from pleading guilty. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Because we believe this issue would benefit from development of an additional factual record, we preserve this claim for possible postconviction relief. *See Carroll*, 767 N.W.2d at 641.

We find Hammer's trial counsel was not ineffective for failing to ensure her guilty plea was supported by a factual basis. Hammer's guilty plea is supported by a factual basis. Any deficiencies of counsel must be raised in a post-conviction application. We affirm the conviction and sentence of the district court.

**AFFIRMED.**

---

[1] To the extent Hammer argues her plea was not knowing and voluntary because she would not have pled guilty to a crime for which there was no factual basis, we reject her claim. Because we find there was a factual basis and Hammer does not make any other specific claims as to why her plea was not knowing and voluntary, we preserve any other assertions that her plea was not knowing or voluntary for possible postconviction relief.