# IN THE COURT OF APPEALS OF IOWA

No. 24-1346
Filed March 11, 2026

**State of Iowa,**
Plaintiff–Appellee,
v.
**Erik John Hanson,**
Defendant–Appellant.

Appeal from the Iowa District Court for Dubuque County,
The Honorable Mark T. Hostager, Judge.

**APPEAL DISMISSED**

Tiffany Kragnes, West Des Moines, attorney for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, attorneys for appellee.

Considered without oral argument
by Greer, P.J., Badding, J., and Telleen, S.J.
Opinion by Telleen, S.J.

**TELLEEN, Senior Judge.**

Erik Hanson challenges his guilty plea to assault causing bodily injury. Hanson contends the district court denied him the right to counsel by failing to (1) inquire into the breakdown of the attorney-client relationship, (2) inquire into his claims of ineffective assistance of counsel, [1] and (3) appoint substitute new trial counsel. Because Hanson waived any conflict claim with his counsel, we lack jurisdiction to hear this appeal.

Iowa Code section 814.6(1)(a)(3) requires a defendant to establish good cause to appeal a conviction resulting from a guilty plea, other than guilty pleas to class "A" felonies. "Good cause" means a "legally sufficient reason," specifically "a reason that would allow a court to provide some relief." *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021). We cannot provide relief where a defendant has waived the specific issue then raised on appeal. *See State v. LaRue*, 619 N.W.2d 395, 396, 397–98 (Iowa 2000) ("A constitutional right, like any other right of an accused, may be waived when defendant pleads guilty in open court, with assistance of counsel." (cleaned up)). "[A] guilty plea taken in conformity with Iowa Rule of Criminal Procedure [2.8](2)(b) waives all defenses and objections." *Id.* (citation omitted).

All Hanson's claims involve alleged conflicts with his counsel and the district court's failure to inquire into or resolve those conflicts. Prior to his guilty plea, Hanson filed two pro se documents with the district court, both "unintelligible" letters "that contain[ed] the phrase habeas corpus" and a

---

[1] We interpret this claim as an allegation that the district court failed to investigate Hanson's counsel's ineffective assistance rather than as an independent ineffective-assistance-of-counsel claim raised on appeal. In any case, we lack authority to hear ineffective-assistance claims on direct appeal. *See* Iowa Code § 814.7 (2024).

vague reference to "ineffective counsel." The district court then entered an order recognizing its receipt of those filings and informing Hanson that the only pro se document it would recognize going forward was a motion seeking disqualification of counsel. Hanson signed and filed his guilty plea the next day. So, despite being expressly informed of what filing he would need to make to raise any conflicts with his counsel, Hanson decided to enter a guilty plea. Hanson waived these claims by pleading guilty. *See id.* at 398.

For these reasons, we cannot provide Hanson with any relief and Hanson cannot establish good cause to appeal. We dismiss this appeal for lack of jurisdiction.[2]

**APPEAL DISMISSED.**

---

[2] Because this appeal presents well-settled rules of law, is controlled by prior published holdings, and would not advance the development of case law, we dismiss this appeal through a memorandum opinion. *See* Iowa Ct. R. 21.26(1)(a), (c), (e).